Argued and submitted November 18, 2008, on Count 2, possession of meth-amphetamine, reversed and remanded; on Count 1, delivery of marijuana, remanded with instructions to vacate the judgment of conviction for delivery of a controlled substance for consideration and to enter judgment of conviction for delivery of a controlled substance, *former* ORS 475.992(2)(b) (2003); and for resentencing; otherwise affirmed April 29, 2009

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# TAMMARA SUE SPARKS,
aka Sue Tammara Sparks,
*Defendant-Appellant.*

Douglas County Circuit Court
05CR1943FE; A132020

206 P3d 1197

Mary M. Reese argued the cause and filed the brief for appellant.

Inge D. Wells, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

SCHUMAN, J.

.

**SCHUMAN, J.**

After losing a motion to suppress evidence, defendant was convicted of possession of a controlled substance (in this case, methamphetamine), *former* ORS 475.992(1)(a) (2003), and delivery of marijuana for consideration, *former* ORS 475.992(2)(a) (2003).[1] On appeal, she argues that the inventory search that led to discovery of the evidence was unlawful and that, in any event, the conviction for delivery of marijuana for consideration should be vacated because that is not the crime for which she was indicted. The state concedes that the search was unlawful and that, therefore, the methamphetamine should have been suppressed. However, with regard to the conviction for delivery of marijuana for consideration, the state argues that the error in denying the motion to suppress was harmless in light of defendant's inculpatory testimony and, further, that defendant's claim of error concerning the discrepancy between the indictment and the conviction was not preserved. We conclude that the search was unlawful, that the admission of the methamphetamine evidence was prejudicial, that the admission of the marijuana evidence was harmless, and that the conviction for delivery of a controlled substance for consideration was fatally defective. We therefore reverse and remand.

The relevant facts are few, undisputed, and straightforward. Defendant was a passenger in an automobile that was stopped by a Roseburg Police Officer. When the officer discovered that the driver had a suspended license, he decided to impound the automobile pursuant to the city's impound and inventory policy. He asked defendant to step out of the vehicle. She did so, taking her purse with her. The officer then asked for permission to search the purse. She declined. He then told her that he had to search it as part of the inventory of the automobile. She still refused. He took the purse and searched it anyway, on the ground that the inventory policy required him to search everything that was in the vehicle at the time that it was stopped. Inside the purse, he

---

[1] *Former* ORS 475.992(1)(a) (2003) was renumbered in 2005 and, in slightly different form, is now ORS 475.840(1)(a). *Former* ORS 475.992(2)(a) (2003) was also renumbered in 2005 and, also slightly altered, is now ORS 475.860. Defendant's alleged crimes occurred in 2004. References throughout this opinion are to the 2003 statutes.

found a small plastic bindle containing a white crystalline residue that he believed to be, and ultimately was determined to be, methamphetamine. Believing that he had probable cause to arrest defendant for possession of a controlled substance, he then opened a coin purse that was inside of the larger purse and found five small containers of marijuana, later determined to weigh a total of 6.3 grams. He also found another bindle of methamphetamine.

Defendant was charged in a two-count indictment. Count I alleged that she "did unlawfully and knowingly deliver marijuana, a Schedule I controlled substance." For purposes of this appeal, it notably did not allege that she did so for consideration. Count II alleged that she "did unlawfully and knowingly possess methamphetamine." At a hearing on her motion to suppress the drugs, the state contended that all of the evidence was lawfully discovered pursuant to Roseburg's impound and inventory policy. The trial court agreed and denied the motion. A jury trial ensued, during which defendant testified; the gist of her testimony was that she did, indeed, possess the marijuana and intended to share it with some friends because she did not "like to get high alone," but that she did not intend to sell it to them or to anybody else. After both sides had rested, the attorneys and the court discussed jury instructions, including whether or not the jury could be instructed regarding the crime of delivery of marijuana for consideration. The state argued in favor of that instruction; defendant maintained that no "for consideration" instruction could be given because that crime was not alleged in the indictment. The court gave the instruction that the state favored, and the jury returned guilty verdicts on both counts. The court entered judgments of conviction for possession of a controlled substance and for delivery of marijuana for consideration.[2] This appeal ensued.

■ The state concedes on appeal that the search of defendant's purse was unlawful. We agree. The state argued, and the court ruled, that the search was lawful pursuant to

---

[2] The trial court's original judgment on Count I was ambiguous with respect to the "consideration" element. After the case was briefed and argued in this court, the trial court issued an amended judgment clarifying that the crime of conviction was delivery of marijuana for consideration, ORS 475.992(2)(a).

Roseburg's impound and inventory policy. The inventory section of that policy reads, in its entirety:

> "All impounded vehicles will be inventoried prior to storage. An inventory will be made of the interior of the vehicle, including the glove compartment[,] for valuables and cash if it can be opened without damaging the lock, and spaces underneath the seats. Also, the trunk of the vehicle and all its contents will be inventoried if the trunk can be opened without damaging the lock."

The police officer searched defendant's purse when it was not in the "interior of the vehicle." It was outside of the vehicle, on defendant's person. The inventory, then, was beyond the authority established by the policy and was therefore invalid. *State v. Atkinson*, 298 Or 1, 688 P2d 832 (1984).

■      Further, even if the policy could be construed to encompass a search of all containers that were in the interior of the vehicle when it was stopped, including portable closed containers that an occupant carries out of the vehicle on his or her person, the policy itself would violate Article I, section 9, of the Oregon Constitution. The vehicle inventory exception to the warrant requirement serves three purposes: to protect the vehicle owner's property while the vehicle is in police custody; to reduce the likelihood of false theft claims against the police; and, "in the occasional case," to protect police and others from danger, if there is a "concrete basis in specific circumstances" to believe that danger exists, such as, for example, an explosive in the car. *Atkinson*, 298 Or at 7-8. "The scope of the inventory must be limited to that—an inventory." *Id.* at 10. "Inventorying" the contents of a purse that a vehicle's occupant removes from the vehicle serves none of the purposes justifying the exception to the warrant requirement—indeed, the purposes would be served by *encouraging* occupants to remove small containers—and no policy purporting to authorize such action is valid.[3]

---

[3] The search of a container carried out of an impounded vehicle could, in the appropriate circumstances, be justified on officer safety grounds if there were specific and articulable facts creating reasonable suspicion of an immediate, serious threat to the officer or others. *See State v. Bates*, 304 Or 519, 524, 747 P2d 991 (1987). The state correctly recognizes that such a situation did not exist here.

The state also concedes that, because the unlawfully seized methamphetamine was the only evidence to support Count II, failing to suppress it was prejudicial to defendant and is reversible error. Again, we agree.

■ The state takes a different view of the unlawfully seized marijuana, and, once again, we agree. The marijuana and the nature of its packaging (five separate baggies, each containing less than two grams of the drug) tended to show that defendant possessed the marijuana with intent to deliver. Possession with intent to deliver amounts to an "attempted transfer," *State v. Miller*, 196 Or App 354, 361-62, 103 P3d 112 (2004), *rev den*, 338 Or 488 (2005), and an "attempted transfer" qualifies as "delivery" under ORS 475.005(8) ("delivery" is "actual, constructive or attempted transfer"). Possession with intent to deliver, in other words, amounts to the crime of delivery, and the marijuana was evidence that defendant was guilty of that crime. However, even if the marijuana had been suppressed, the jury would still have heard defendant admit all of the facts necessary to sustain a conviction for delivery of marijuana. She admitted that she possessed the five baggies, explaining that she liked to keep different varieties separate, and that she planned to "stop at a friend's house and smoke some" and did not "like to get high alone." It is true that she did not specify the exact amount contained in each bag, as did the police officer; that information came in only by virtue of the unlawful search. But that information was not relevant to the delivery charge. Thus, admitting the actual marijuana, though error, was not prejudicial; the jury received virtually the same information that the marijuana would have provided, but from a more direct source.[4]

---

[4] Under *State v. McGinnis*, 335 Or 243, 250, 64 P3d 1123 (2003), "[w]hen a defendant testifies * * * and admits the substance or truthfulness of the matters contained in the erroneously admitted evidence, the facts established by the in-court admissions may eliminate any harm associated with the erroneously admitted evidence." Neither this court nor the Supreme Court has ever determined whether the rule from *McGinnis* allows the state to use testimony in a harmless error analysis when the defendant can prove that he or she would not have testified but for the fact that the evidence seized in violation of Article I, section 9, of the Oregon Constitution had already been admitted. *McGinnis* itself concerned only erroneously admitted but noncompelled confessions. 335 Or at 253. We do not address that issue here because defendant does not raise it.

█ Defendant finally argues that the court erred in instructing the jury that it could find defendant guilty of delivery of marijuana for consideration under ORS 475.992(2)(a), because the indictment did not charge her with that crime. We agree, for the following reasons.

█ A court cannot enter a conviction for a crime unless the crime is charged in the indictment or the crime of conviction is a lesser-included offense of the charged crime. *State v. Cartwright*, 40 Or App 593, 598, 595 P2d 1289 (1979). As a corollary, the court may not instruct the jury on any offense that is not either the offense charged in the indictment or a lesser-included offense of that crime. *See State v. Washington*, 273 Or 829, 836-37, 543 P2d 1058 (1975) (discussing relationship between right to receive instruction and charging instrument). Here, the indictment in Count I alleges:

> "[Defendant], on or about the 27th day of November, 2004, in Douglas County, Oregon, did unlawfully and knowingly deliver marijuana, a Schedule I controlled substance, contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon."

That indictment describes the crime specified in ORS 475.992(1)(a), which provides:

> "(1) [I]t is unlawful for any person to manufacture or deliver a controlled substance. Any person who violates this subsection with respect to:
>
> "(a) A controlled substance in Schedule I, is guilty of a Class A felony."

The statute under which defendant was convicted for Count I provides, "Any person who delivers marijuana *for consideration* is guilty of a Class B felony." ORS 475.992(2)(a). The crime of conviction is obviously not the crime alleged in the indictment: the latter can be committed without any consideration. For the same reason, the crime of conviction is not a lesser-included offense. One crime is a lesser-included offense of a second crime in two situations: (1) when the former offense is "necessarily included" in the latter because the elements of the former are subsumed in the latter; or (2) when the facts alleged in the indictment expressly include

conduct that describes the elements of the crime of conviction. *State v. Moroney*, 289 Or 597, 600-01, 616 P2d 471 (1980). Delivery for consideration, obviously, is not necessarily subsumed in delivery, nor does the indictment include an allegation of consideration. The court, therefore, erred in giving an instruction that permitted the jury to consider delivery for consideration.

■       The state, in its reply brief, does not dispute that analysis. Rather, it argues that defendant did not raise the issue at trial. We disagree. At one point during the trial, defendant explained, "[I]t can be argued that the most a jury can find on that count [*i.e.*, Count I] is the misdemeanor because they didn't plead * * * consideration, and so the most that can be found is a subparagraph that says no consideration * * *." Defendant was clearly referring to ORS 475.992(2)(b), which deals with the Class A misdemeanor for "[a]ny person who delivers, for no consideration, less than one avoirdupois ounce of [marijuana]." After the close of evidence, the following colloquy occurred:

> "DEFENSE COUNSEL:   * * * I think they've pled the misdemeanor, they didn't plead consideration so all we really have * * * is the misdemeanor, but we could spend hours creating wonderful briefs on that issue and leave it rest. Otherwise, I have no objections to the instructions.

> "THE COURT:   Okay, and * * * if they didn't plead consideration—well, you say other than that you don't have any exception to the instruction. Point to me specifically * * * in the instructions where you would make a change.

> "DEFENSE COUNSEL:   * * * I'm just responding to the State's complaint about the way it's set up. I think it's correct, it's just a question then for the—I mean there's some other issues as to where we are at but I'm going to leave it be. The way the instructions are I'm going to stand pat.

> "* * * * *

> "THE COURT:   Reserving though the fact that you think the complaint only alleges a misdemeanor.

> "DEFENSE COUNSEL:   Right.

"THE COURT: And because it did not allege consideration."

The court rejected defendant's position and instructed the jury that it could render a finding with respect to consideration. Afterwards, the court stated:

"THE COURT: Okay, good. So exceptions to the instructions and I'm happy to take our immediate conversation prior to the—in other words, the one from 1:15 to 1:30.

"PROSECUTOR: Yes, the State would just preserve its—its exceptions and that's all.

"DEFENSE COUNSEL: I'd say we've said enough."

It is clear from this dialogue that defendant made the argument that the jury could not be instructed on delivery for consideration, that the court understood him to have made that argument, and that the court rejected it. Although there might have been some ambiguity if the conversation had ended after defense counsel stated, "I'm going to stand pat," any ambiguity disappears in light of the court's and counsel's immediate clarification that defendant was not abandoning his argument regarding consideration. The claim of error was adequately preserved and, as the state appears to concede, it is well taken.

Defendant argues that the proper disposition of Count 1 is to vacate the judgment of conviction and remand with instructions to enter a judgment on that count for delivery of less than an ounce of marijuana for no consideration, ORS 475.992(2)(b). We agree with her suggested disposition. *See State v. Trueax*, 315 Or 396, 400, 845 P2d 1291 (1993) (describing proper disposition where the defendant concedes guilt of properly charged crime).

On Count 2, possession of methamphetamine, reversed and remanded; on Count 1, delivery of marijuana, remanded with instructions to vacate the judgment of conviction for delivery of a controlled substance for consideration and to enter judgment of conviction for delivery of a controlled substance, *former* ORS 475.992(2)(b) (2003); and for resentencing; otherwise affirmed.