Argued and submitted June 17, 2014, affirmed April 22, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LARON Mc KINLEY BURRIS, II,
aka Laron Mc Kinley Burris III,
aka Laron Mc Kinley Burris,
*Defendant-Appellant.*

Multnomah County Circuit Court
110431520; A150282

348 P3d 338

Kristin A. Carveth, Deputy Public Defender, argued the cause for appellant. With her on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Greg Rios, Assistant Attorney General, argued the cause for respondent. With him on the briefs were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before DeVore, Presiding Judge, and Haselton, Chief Judge, and Garrett, Judge.

DEVORE, P. J.

**DEVORE, P. J.**

This criminal case presents a question of merger, under ORS 161.067, the "anti-merger statute." Defendant appeals a judgment of conviction for a number of robbery and weapon offenses. In defendant's first unpreserved assignment of error, he argues that the trial court failed to instruct the jury that it must agree on the material facts comprising one of two alternative versions of first-degree robbery. Without further discussion, we decline to review that assignment for plain error, because the error, if any, was harmless on this record. *See State v. Phillips*, 354 Or 598, 608, 317 P3d 236 (2013) (holding error to be harmless where there were not two separate, competing factual theories and where the act and intent necessary for accomplice liability, on the particular facts, subsumed those of principal liability). In defendant's second assignment of error, he argues that the trial court erred in refusing to merge several of the robbery offenses. We review for legal error, *State v. Sanders*, 185 Or App 125, 129, 57 P3d 963 (2002), *adh'd to as modified on recons*, 189 Or App 107, 74 P3d 1105 (2003), *rev den*, 336 Or 657 (2004), and we affirm.

The facts are undisputed. Drake and his mother were homeless. Drake suffered from Crohn's Disease, a chronic intestinal illness, and he kept methadone pills prescribed to manage his pain from the condition. He arranged to sell some of his methadone pills to Anderson. Drake, his mother, and a friend met Anderson and defendant, who was Anderson's cousin, at a MAX stop in Portland. Because police officers were present, the group "walked for quite a ways" to a Plaid Pantry where Drake urged they should make the sale. Defendant drew a gun from his pants and pointed it at Drake, without saying anything. Anderson told Drake to empty his pockets. Drake did so, and Anderson and defendant fled on foot with Drake's pills and his cell phone.

Defendant was charged with one count of first-degree robbery with a firearm (Count 1), ORS 164.415 and ORS 161.610(2); two counts of second-degree robbery with a firearm (Counts 2 and 3), ORS 164.405 and ORS 161.610(2); one count of unlawful use of a weapon with a firearm

(Count 4), ORS 166.220 and ORS 161.610(2); and one count of felon in possession of a weapon with a firearm (Count 5), ORS 166.270 and ORS 161.610(2). As alleged in the indictment, the two counts of second-degree robbery were based on distinct alternatives (1)(a) and (1)(b) permitted by ORS 164.405. That statute provides, in part,

"(1)  A person commits the crime of robbery in the second degree if the person violates ORS 164.395 [third-degree robbery] and the person:

"(a)  Represents by word or conduct that the person is armed with what purports to be a dangerous or deadly weapon; or

"(b)  Is aided by another person actually present."

Under subsection (1)(a) of the statute, Count 2 alleged that defendant was "armed with what purported to be a deadly and dangerous weapon" during the commission of the offense whereas, under subsection (1)(b) of the statute, Count 3 alleged that defendant was "aided by another person actually present" during the commission of the offense. ORS 164.405(1)(a), (1)(b). The state charged each of the counts so as to include "with a firearm" as an aggravating element, ORS 161.610(2). The jury found defendant guilty on all counts as charged.

At the sentencing hearing, defendant argued, among other things, that he should only have a single conviction for robbery because Counts 1 through 3 should merge. The trial court agreed in part. It determined that the two guilty verdicts for second-degree robbery should merge. *State v. White*, 346 Or 275, 291, 211 P3d 248 (2009) (with second-degree robbery the legislature intended to create a single crime). The trial court, however, did not merge those guilty verdicts with first-degree robbery.[1]

On appeal, defendant renews his argument, urging that the guilty verdicts on Count 1 (first-degree robbery) and Count 2 (second-degree robbery under ORS 164.405(1)(a))

---

[1] The trial court announced that the counts "do not merge with [first-degree robbery], so for purposes of conviction it's one count of [first-degree robbery], one count of [second-degree robbery], one count of Felon in Possession, and one count of Unlawful Use, and all those is with—with a firearm language."

should have merged with the guilty verdict on Count 3 (second-degree robbery under ORS 164.405(1)(b)) because, as charged in the indictment to include "with a firearm," all of the elements of first- and second-degree robbery with a firearm are subsumed in Count 3, which requires those same elements in addition to the unique element, "aided by another person present." The state responds that the statutory provisions at issue require proof of an element that the others would not, and that, therefore, the guilty verdicts cannot merge pursuant to the anti-merger statute. ORS 161.067(1). As we explain, we agree with the state.

The anti-merger statute provides, in relevant part, that guilty verdicts may not merge if "the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not * * *." ORS 161.067(1); *State v. Flores*, 259 Or App 141, 144, 313 P3d 378 (2013), *rev den*, 354 Or 735 (2014).[2] In this case, defendant does not dispute that first-degree robbery and second-degree robbery are separate statutory provisions under ORS 161.067(1). *See State v. Colmenares-Chavez*, 244 Or App 339, 346-47, 260 P3d 667, *rev den*, 351 Or 216 (2011) (first-degree robbery and second-degree robbery are different statutory provisions for purposes of ORS 161.067(1));[3] *see also State v. Parkins*, 346 Or 333, 354-55, 211 P3d 262 (2009) (reasoning that "when the legislature sets out the offenses in separate sections, defines them as different degrees of an incrementally graded offense, and assigns them different punishments[,]" the statutory provisions are generally "separate provisions for purposes of the anti-merger statute"). Defendant does, however, challenge whether his robbery offenses run afoul of the anti-merger statute's limitation that "each provision requires proof of an element that the others do not[.]"

---

[2] The anti-merger statute includes other subsections providing when guilty verdicts may and may not merge. Those subsections are not at issue in this case.

[3] Although *Colmenares-Chavez* involved guilty verdicts based on the defendant's violation of the first and second-degree robbery statutes, that case does not resolve the issue in this case. The parties in *Colmenares-Chavez* did not dispute that the robbery statutes require proof of an element that the others do not, and although the charging instrument in *Colmenares-Chavez* alleged first-degree robbery and second-degree robbery, it did not include the aggravating element "with a firearm," under ORS 161.610(2).

As the matter is presented, we must answer two questions. First, we must determine whether each robbery provision that defendant violated requires proof of an element that the others do not. *White*, 346 Or at 283. Second, we must determine whether adding the aggravating element "with a firearm" under ORS 161.610(2) changes the conclusion. In both inquiries, we ask whether one offense is a subset of another offense. "Put differently, convictions for conduct in a criminal episode that violates two or more statutory provisions merge if all of the elements in one provision are subsumed into the elements of the other provision." *State v. Noe*, 242 Or App 530, 532, 256 P3d 166 (2011) (citing *State v. Tucker*, 315 Or 321, 331, 845 P2d 904 (1993)). Our inquiry has been framed algebraically: "if one offense contains X elements, and another offense contains X + 1 elements, the former offense does not contain an element that is not also found in the latter offense" and, thus, merger is required. *State v. Blake*, 348 Or 95, 99, 228 P3d 560 (2010).

"The elements of proof of a criminal offense are controlled by the statute defining the offense, not by the factual circumstances recited in the indictment." *State v. Atkinson*, 98 Or App 48, 50, 777 P2d 1010 (1989); *see also State v. Wright*, 150 Or App 159, 162, 945 P2d 1083 (1997), *rev den*, 326 Or 390 (1998) (citing *State v. Sumerlin*, 139 Or App 579, 584, 913 P2d 340 (1996)). "However, when a statute contains alternative forms of a single crime * * *, we will look to the indictment to determine which form is charged, and we use the elements of the charged version in the merger analysis." *State v. Pass*, 264 Or App 583, 587, 333 P3d 1139 (2014).

Unlike the pattern for other related offenses, first-degree robbery is not predicated on the elements of second-degree robbery. Rather, both offenses are predicated on the commission of third-degree robbery. For our purposes here, third-degree robbery involves the use or threat of immediate use of physical force upon another person with the intent of preventing or overcoming resistance to the taking of property or compelling the owner to deliver the property. ORS 164.395. The statute on second-degree robbery provides:

"(1) A person commits the crime of robbery in the second degree if the person violates ORS 164.395 [third-degree robbery] and the person:

"(a) Represents by word or conduct that the person is armed with what purports to be a dangerous or deadly weapon; or

"(b) Is aided by another person actually present."

ORS 164.405.[4] And, the statute on first-degree robbery provides:

"(1) A person commits the crime of robbery in the first degree if the person violates ORS 164.395 [third-degree robbery] and the person:

"(a) Is armed with a deadly weapon[.]"

ORS 164.415.

As to each offense charged here, the aggravating element, "with a firearm," was alleged. The authorizing statute provides that "[t]he use or threatened use of a firearm, whether operable or inoperable, by a defendant during the commission of a felony may be pleaded in the accusatory instrument and proved at trial as an element in aggravation of the crime * * *." ORS 161.610(2). This court has concluded that the phrase "with a firearm" is an element of a crime that must be proved beyond a reasonable doubt. *Flores*, 259 Or App at 147 ("The proscribed conduct—use or threatened use of a firearm during the commission of a felony—is expressly designated an *element*." (Emphasis in original.)). "Adding it to an offense creates a new crime, the aggravated crime, which is separate from the 'unaggravated crime.'" *Id.*

Defendant contends that adding the "with a firearm" element created a situation in which the elements of first-degree robbery should be subsumed in what ordinarily would be the elements of the lesser offense of second-degree robbery. Defendant reasons that the weapon-related elements of the two offenses become equivalent and that only the alternative elements of second-degree robbery would be unique. Thus, in defendant's view, first-degree robbery

---

[4] "Deadly weapon" is defined as "any instrument, article, or substance specifically designed for and presently capable of causing death or serious physical injury." ORS 161.015(2).

(Count 1) and second-degree robbery with an apparent weapon (Count 2) should merge or merge "down" into second-degree robbery when aided by another person (Count 3).

We disagree. Given the elements that make up the crimes of which defendant was convicted, we conclude that all elements in one provision are not subsumed into the elements of the other.[5] To begin, defendant concedes, and we agree, that "being aided by another person actually present is an element that is unique to Count 3 [second-degree robbery (1)(b)], and proof of that element is not required in Counts 1 [first-degree robbery] or 2 [second-degree robbery (1)(a) with an apparent weapon]." Therefore, second-degree robbery under ORS 164.405(1)(b) includes an element absent from first-degree robbery under ORS 164.415; that is, second-degree robbery (1)(b) is unique by requiring aid of "another person actually present."

Defendant is mistaken, however, that "no element of Count 1 [first-degree robbery] or 2 [second-degree robbery (1)(a) with an apparent weapon] is not also required by Count 3 [second-degree robbery (1)(b) as with another present]." First-degree robbery under ORS 164.415(1)(a) requires that a person actually be armed with a deadly weapon, and, in turn, a "deadly weapon" requires an instrument *presently capable* of causing death or serious physical injury." ORS 161.015(2) (emphasis added). Accordingly, for first-degree robbery, the state must prove, at least by reasonable inference, that a defendant has an operable weapon. *See State v. Mustain,* 66 Or App 367, 371, 675 P2d 494,

---

[5] The application of the anti-merger statute in this context is not without some expression of judicial concern. *See, e.g., White,* 346 Or at 299 (Kistler, J., concurring) (where the state "charges and proves both alternative means [of an offense], only one statutory provision has been violated and there is only one separately punishable offense (assuming of course that there are not multiple victims or repeated violations of the same provision)"); *State v. Nunn,* 110 Or App 96, 99, 821 P2d 431 (1991), *rev den,* 313 Or 211 (1992) (Edmonds, J., specially concurring) ("[A]lthough defendant was convicted of two crimes [first-degree forgery and fraudulent use of a credit card], the conduct for which he was convicted consisted of one physical act. I suggest that ORS 161.067(1) applies only when there are two separate acts within the same course of conduct or criminal episode."); *State v. Heneghan,* 108 Or App 637, 640, 816 P2d 1175 (1991), *rev den,* 312 Or 588 (1992) (Edmonds, J., specially concurring) ("It is necessary to look at the underlying facts and not just the statutory elements to determine if convictions should merge. A conviction for manufacture of a controlled substance may arise from conduct that includes the act of possessing it.").

*rev den,* 297 Or 83 (1984) (there must be sufficient evidence in the record supporting that a defendant is in possession of an operable and loaded or readily loaded weapon). This is more than second-degree robbery requires. Of the two alternatives, second-degree robbery under ORS 164.405(1)(a) requires that a person represents that he or she is armed "with what *purports* to be a dangerous or deadly weapon[.]" (Emphasis added.) No operable weapon is required. *State v. Riehl,* 188 Or App 1, 9, 69 P3d 1252 (2003) (ORS 164.405(1)(a) includes "instances in which the actor is unarmed").

Although an argument might be made that second-degree robbery with an apparent weapon should merge with first-degree robbery, that is not our question here. Defendant was not convicted of only those two charges. He was also convicted of second-degree robbery with the aid of another person, under ORS 164.405(1)(b), and he argues that those two offenses (Counts 1 and 2) should merge with robbery with aid of another person (Count 3). Such merger cannot occur. First-degree robbery requires proof that the firearm is "presently capable" whereas second-degree robbery does not. Defendant has already recognized that second-degree robbery when aided by another person present, ORS 164.405(1)(b), involves a unique element, which is not found in first-degree robbery. Thus, in this case, each offense involves a unique element not found in the other, and the guilty verdicts on the offenses do not merge under ORS 161.067(1).[6]

For much the same reason, the second question posed in this case is answered in the same way. We do not agree with defendant that the "with a firearm" element, when added as to the three robbery counts, as permitted by ORS 161.610(2), created a situation in which the elements of first-degree robbery were subsumed in the elements of

---

[6] This conclusion does not represent a conviction for three offenses—one count of first-degree robbery and two counts of second-degree robbery—because the trial court merged the two verdicts of second-degree robbery.

We recognize that, when the trial court merged the two counts of second-degree robbery, the judgment shows a conviction on Count 2, alone. No error has been assigned to the judgment reflecting conviction on Count 2 (alone) rather than Count 3 (alone). In as much as the two guilty verdicts on second-degree robbery merged and only one conviction of second-degree robbery results, an error, if any, would be harmless.

second-degree robbery. The aggravating element "with a firearm" permits either an "operable *or inoperable*" gun. ORS 161.610(2) (emphasis added). First-degree robbery remains unique in requiring a "presently capable" weapon. There still is an element—operability of the firearm—that is not subsumed by the elements of the other provision, second-degree robbery. *Compare Mustain*, 66 Or App at 370 n 1 (quoting Commentary, Oregon Criminal Code of 1971, 2-3) ("'robbery with an unloaded gun, not used to strike with, is not robbery while armed with a dangerous weapon'"). As before, second-degree robbery with the aid of another (ORS 164.405(1)(b)) still requires its own unique element. The addition of the aggravating element "with a firearm" does not change the conclusion. The offenses of first- and second-degree robbery do not merge in this case.[7] Therefore, the trial court did not err, and we must affirm.

Affirmed.

---

[7] Application of statutes requires this conclusion. Nonetheless, defendant would insist, as others have noted, that our conclusion holds defendant responsible for two crimes for what is a single act with no factual distinction. *See* 270 Or App at 520 n 6. Our conclusion follows the legislature's decision that first-degree robbery is not predicated by a violation of second-degree robbery but is predicated instead on a violation of third-degree robbery. ORS 164.405(1) (second-degree robbery requires violation of ORS 164.395 (third-degree robbery)); ORS 164.405 (first-degree robbery requires violation of ORS 164.395 (third-degree robbery)). A different "nesting" of greater and lesser offenses could produce a different result. *Compare with* ORS 163.257(1) (a person commits first-degree custodial interference "if the person violates ORS 163.245 [second-degree custodial interference]" in addition to a condition of first-degree custodial interference); *see also* ORS 163.235(1) (a person commits first-degree kidnapping "if the person violates ORS 163.225 [second-degree kidnapping]" in addition to any of the enumerated purposes). The statute's structure may be an area for future legislative review.