Submitted April 21, portion of judgment requiring defendant to pay court-appointed attorney fees reversed; otherwise affirmed July 1, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES WYATT DENTEL,
*Defendant-Appellant.*

Marion County Circuit Court
12C48120; A154401

354 P3d 753

Peter Gartlan, Chief Defender, and Robin A. Jones, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Timothy A. Sylwester, Senior Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

HADLOCK, J.

**HADLOCK, J.**

Defendant was convicted of several crimes, including unlawful use of a weapon with a firearm (UUW-firearm) and felon in possession of a firearm with a firearm (FIP-firearm). He raises two arguments on appeal. First, defendant makes an admittedly unpreserved argument that the trial court plainly erred by not merging the guilty verdicts for UUW-firearm and FIP-firearm into a single conviction. He relies on our opinion in *State v. Flores*, 259 Or App 141, 313 P3d 378 (2013), *rev den*, 354 Or 735 (2014), in which we determined that the trial court erred by not merging guilty verdicts for those same two crimes. For the reasons set out below, we reject that unpreserved argument. Defendant's second argument is also unpreserved; he contends that the trial court plainly erred by ordering him to pay fees for his court-appointed counsel without first considering his ability to pay. The state concedes the point, and we conclude that the concession is appropriate. Accordingly, we reverse the portion of the judgment requiring defendant to pay court-appointed attorney fees and we otherwise affirm.

The pertinent facts are, for these purposes, undisputed. After defendant shot four men in the parking lot of a bar, he was charged with 10 crimes, including four counts of attempted aggravated murder with a firearm (ORS 161.405, ORS 163.095, ORS 161.610), one count of first-degree assault with a firearm (ORS 163.185, ORS 161.610), three counts of second-degree assault with a firearm (ORS 163.175, ORS 161.610), UUW-firearm (ORS 166.220, ORS 161.610), and FIP-firearm (ORS 166.270, ORS 161.610). The case went to trial, and the jury acquitted defendant of the attempted-aggravated-murder charges, but found him guilty of the remaining charged crimes, including UUW-firearm and FIP-firearm. Defendant did not argue to the trial court that the guilty verdicts for UUW-firearm and FIP-firearm should merge into a single conviction, and the court did not merge those verdicts. The court imposed sentences on the convictions that result in a total 250-month term of incarceration, plus post-prison supervision.

On appeal, defendant first argues that the trial court erred by not merging the UUW-firearm and FIP-firearm verdicts. As noted, that argument is unpreserved. Accordingly, it can form a basis for reversal only if it establishes that the trial court committed error that is "plain," that is,

> "if (1) the error is one of law, (2) the error is 'obvious, not reasonably in dispute,' and (3) the error 'appears on the face of the record,' so that we need not 'go outside the record to identify the error or choose between competing inferences, and the facts constituting the error are irrefutable.'"

*State v. Corkill*, 262 Or App 543, 551, 325 P3d 796, *rev den*, 355 Or 751 (2014). In this case, the first "plain error" requirement is met, as the alleged error is one of law. And the state does not contend that any pertinent facts are in dispute or that we would need to go outside of the record to identify the error; nor do we perceive any such dispute or need to consider extra-record matters. Accordingly, the third "plain error" requirement is met. What remains at issue is the second requirement: whether the alleged error is "obvious, not reasonably in dispute." We turn to that question.

Defendant's merger argument is based both on the text of ORS 161.067—the "anti-merger statute"—and on our decision in *Flores*. In determining whether that argument establishes, beyond reasonable dispute, that the trial court erred, we begin by considering the settled statutory analysis.

ORS 161.067(1), on which defendant relies, provides:

> "When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

Here, the parties agree that defendant committed UUW-firearm and FIP-firearm during a single criminal episode. Moreover, defendant does not dispute that UUW-firearm and FIP-firearm involve separate statutory provisions. Consequently, the only remaining question under ORS

161.067(1) is whether "each provision requires proof of an element that the other[] do[es] not," so as to prevent merger.

For purposes of the merger analysis, "[t]he elements of proof of a criminal offense are controlled by the statute defining the offense, not by the factual circumstances recited in the indictment." *State v. Burris*, 270 Or App 512, 517, 348 P3d 338 (2015). However, when a statute sets out alternative forms of a single crime, we look to the indictment (and, if necessary, to jury instructions) to determine which form is charged, and we use the elements of the crime as charged in conducting the merger analysis. *Id.*; *see also Flores*, 259 Or App at 145 n 5 ("[W]e look to the indictment or jury instruction to determine which form of the crime is relevant for purposes of merger."). Finally, and as pertinent here, when the state charges a defendant with an aggravated form of a felony based on an allegation that the defendant used or threatened to use a firearm during the commission of that crime, the "with a firearm" allegation is an element of the crime for merger purposes. *Id.* at 148. That is, ORS 161.610—the "gun minimum" statute—not only requires the trial court to impose a particular minimum sentence on a defendant who is convicted of having used or threatened to use a firearm during the commission of a felony, it creates a new, aggravated form of the underlying felony, one element of which is the use or threatened use of a firearm.

In this case, the elements of UUW-firearm, as charged by the state and explained in the jury instructions, are:

(1)  the act occurred on or about November 10, 2012;

(2)  defendant carried and possessed a dangerous or deadly weapon;

(3)  defendant intended to use unlawfully the weapon against another person; and

(4)  defendant personally used or threatened to use a firearm during the commission of this crime.

*See* ORS 166.220 (defining the crime of UUW)[1]; ORS 161.610 (defining the "with a firearm" aggravating element).[2]

The elements of FIP-firearm, as charged by the state and explained in the jury instructions are:

(1)   the act occurred on or about November 10, 2012;

(2)   defendant had been previously convicted of a felony under the laws of Oregon;

(3)   defendant knowingly had in his possession, custody and control a firearm; and

(4)   defendant personally used or threatened to use a firearm during the commission of this crime.

*See* ORS 166.270 (defining crime of FIP);[3] ORS 166.610.

In his argument to this court, defendant does not engage in a point-by-point comparison of the elements of those two crimes. Instead, he relies solely on *Flores* to argue that, because UUW-firearm and FIP-firearm were charged similarly in this case as they were in *Flores*, the merger holding in *Flores* necessarily applies here. For the reasons that follow, we do not find defendant's *Flores*-based conclusion to be "obvious, not reasonably in dispute."

---

[1] ORS 166.220 provides, in pertinent part:

"(1) A person commits the crime of [UUW] if the person:

"(a) Attempts to use unlawfully against another, or carries or possesses with intent to use unlawfully against another, any dangerous or deadly weapon as defined in ORS 161.015[.]"

[2] ORS 161.610 provides, in pertinent part:

"(2) The use or threatened use of a firearm, whether operable or inoperable, by a defendant during the commission of a felony may be pleaded in the accusatory instrument and proved at trial as an element in aggravation of the crime as provided in this section. When a crime is so pleaded, the aggravated nature of the crime may be indicated by adding the words 'with a firearm' to the title of the offense. The unaggravated crime shall be considered a lesser included offense."

[3] ORS 166.270 provides, in pertinent part:

"(1) Any person who has been convicted of a felony under the law of this state or any other state, or who has been convicted of a felony under the laws of the Government of the United States, who owns or has in the person's possession or under the person's custody or control any firearm commits the crime of felon in possession of a firearm."

We first observe that FIP-firearm includes an element that UUW-firearm does not: that the defendant was previously convicted of a felony. The remaining question is whether UUW-firearm includes an element that FIP-firearm does not. In arguing that it does, the state focuses on the fact that—as UUW-firearm was charged here—defendant could be convicted of that crime only if the state proved that he "intended to use unlawfully the weapon against another person." The state contends that intent to use the weapon (here, the firearm) *unlawfully against another person* is not an element of FIP-firearm, which (because of the "with a firearm" allegation) requires the state to prove only that the defendant used or threatened to use the firearm. According to the state, a felon could use or threaten to use a firearm during the commission of a crime—and, therefore, be guilty of FIP-firearm—without intending to use the weapon both unlawfully and against another person in a way that would also make the person guilty of UUW-firearm.

At least for purposes of our plain-error analysis, we agree with the state. In the context of the gun-minimum statute, the legislature intended the phrase "'use or threatened use' of a firearm * * * to refer to discharge or threatened discharge." *State v. Harris*, 174 Or App 105, 112, 25 P3d 404 (2001). The state posits several hypothetical situations in which, it argues, a person could use or threaten to use a firearm by discharging it without also intending to use the firearm unlawfully and against another person. For example, the state asserts, a convicted felon who fired a pistol at a paper target while he or she was at a gun range could be convicted of FIP-firearm because the person both possessed the firearm and personally discharged it. However, those facts would not establish, by themselves, that the person also intended to use the gun unlawfully *against another person*. Accordingly, the state contends, although the person could be convicted of FIP-firearm on those facts, the evidence would not support a conviction for UUW-firearm, which—as charged here—includes the additional element of intent "to use unlawfully the weapon against another person."

That hypothetical set of facts supports a plausible argument that the crimes of UUW-firearm and FIP-firearm

do not always merge, because each may include an element that the other does not. Our holding in *Flores* does not definitively defeat that argument. In *Flores*, the state argued against merger of UUW-firearm and FIP-firearm primarily on the theory that the "with a firearm" allegation associated with each crime was not an element to be taken into account in the merger analysis. We rejected that argument and, therefore, held that the guilty verdicts for those crimes should have merged. 259 Or App at 146-48.[4] But in *Flores*, the state did not meaningfully develop the argument that it does here: that, even if "with a firearm" is an element of each crime, the guilty verdicts still do not merge because each crime includes *another* element that the other crime does not. Moreover, our opinion in *Flores* did not address such a theory; that is, we did not analyze whether a person's use or threatened use of a firearm in conjunction with a crime, for purposes of ORS 161.610(2) (the "gun minimum" statute), necessarily encompasses an intent to use a firearm *unlawfully against another person*, for purposes of UUW as defined by ORS 166.220(1)(a). That is, we did not engage in the element-by-element comparison contemplated by ORS 161.067.

Because the state has presented a plausible argument that UUW-firearm and FIP-firearm, as charged here, each includes an element that the other does not, and because *Flores* did not address such a theory, we conclude that it is not "obvious, beyond reasonable dispute" that the guilty verdicts for UUW-firearm and FIP-firearm merge in this case. In other words, defendant has not established that the trial court plainly erred by not merging those guilty verdicts into a single conviction. We reject his argument to the contrary.

We reach a different conclusion, however, with respect to defendant's second assignment of error, in which he challenges the trial court's requirement that he pay $1,600 in court-appointed attorney fees pursuant to ORS

---

[4] The state also argued in *Flores* that the "with a firearm" allegation should be considered an element only of UUW-firearm, and should not be considered an element of FIP-firearm given the particular phrasing of the judgment in that case; the state also made an argument based on the identity of the victim or victims of the defendant's crimes. We rejected those arguments, too. 259 Or App at 148-50.

161.665. Although defendant did not object at trial to the imposition of that requirement, he contends that the trial court plainly erred by ordering him to pay the fees "in the absence of evidence in the record of his ability to pay those fees." Defendant is correct. ORS 161.665(4) provides that a court may not enter a judgment requiring a defendant to pay costs, including court-appointed attorney fees, "unless the defendant is or may be able to pay them." A trial court plainly errs by requiring a defendant to pay attorney fees when the record "is silent as to [the] defendant's ability to pay the attorney fees ordered." *State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014).

In this case, as the state concedes, the record includes no information about defendant's financial resources (other than his application for court-appointed counsel), his employment history, or his ability to work. Accordingly, the trial court plainly erred by requiring defendant to repay $1,600 in court-appointed attorney fees. We conclude that this is an appropriate case in which to exercise our discretion to correct the unpreserved claim of error, given the significant amount of fees required to be paid and the many years for which defendant will be incarcerated on these convictions. *See id.* at 716-17.

Portion of judgment requiring defendant to pay court-appointed attorney fees reversed; otherwise affirmed.