494 May 14, 2025 No. 428

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSEPH TYLER JOHNSON,
*Defendant-Appellant.*

Clackamas County Circuit Court
21CR03664; A180980

Jeffrey S. Jones, Judge.

Submitted November 19, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and DeVore, Senior Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals a judgment of conviction of various offenses after he robbed a hardware store and led police on a high-speed chase. In his only assignment of error, defendant contends that the trial court erred in not merging Count 3, unlawful use of a weapon (UUW), with Count 1, first-degree robbery with a firearm. Reviewing for legal error, *State v. Burris*, 270 Or App 512, 514, 348 P3d 338 (2015), we conclude that the trial court did not err and therefore affirm.

We summarize the facts in "the light most favorable to the state; that is, in the light most favorable to the trial court's conclusion that merger was not required." *State v. Dearmitt*, 299 Or App 22, 24, 448 P3d 1163 (2019). A cashier at a hardware store noticed that a man, later identified as defendant, attempted to leave the store holding "stuff" that he did not pay for. The cashier told defendant, "You can't steal that." Defendant put his hands up, said "[t]hank you," and walked out of the store. The cashier called the store manager, SC, and notified him what had just occurred. SC saw defendant carrying store merchandise out of the store and asked him for a receipt. Defendant then "took off running" into the parking lot. SC gave chase, and defendant pulled a gun out. SC retreated, telling defendant, "Do what you gotta do man." Defendant got into an SUV and drove off. Deputies pursued defendant on Interstate 205 into Washington State. Once defendant's SUV ran out of gas, he attempted to flee on foot before eventually being apprehended.

Based on that criminal episode and pertinent to this appeal, defendant was charged with one count each of first-degree robbery with a firearm and UUW-firearm. In one assignment of error, defendant contends that the trial court erred in not merging those verdicts because, according to defendant, all of the elements in UUW-firearm are subsumed into the elements of first-degree robbery with a firearm. As explained below, UUW-firearm has a unique element (unlawfully use against another) that is not subsumed by any elements in first-degree robbery with a firearm.

## STATUTORY OVERVIEW

ORS 161.067(1), the anti-merger statute, provides that guilty verdicts may not merge if "the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not." It is undisputed that the two convictions arose from the same criminal episode—defendant's robbery of the hardware store. The sole dispute is whether UUW-firearm and first-degree robbery with a firearm require proof of an element that the other does not. ORS 161.067(1).

In making that determination, "we examine only the statutory elements of each offense, not the underlying factual circumstances recited in the indictment." *State v. Fujimoto*, 266 Or App 353, 357, 338 P3d 180 (2014). However, "when a statute contains alternative forms of a single crime," as is the case with first-degree robbery "we will look to the indictment to determine which form is charged, and we use the elements of the charged version in the merger analysis." *Burris*, 270 Or App at 517 (citations, internal quotation marks, and ellipses omitted). As such, we start by examining the elements of UUW and first-degree robbery "as those crimes are statutorily defined, then consider how the crimes were charged in this case." *State v. Rhee*, 271 Or App 746, 751, 353 P3d 28, *rev den*, 358 Or 70 (2015).

ORS 166.220(1), the statute defining UUW, in relevant part, provides:

> "A person commits the crime of [UUW] if the person:
>
> "(a) Attempts to use unlawfully against another, or carries or possesses with the intent to use unlawfully against another, any dangerous weapon ***."

ORS 164.415, the statute defining first-degree robbery, provides:

> "(1) A person commits the crime of robbery in the first degree if the person violates ORS 164.395 [the third-degree robbery statute] and the person:
>
> "(a) Is armed with a deadly weapon;
>
> "(b) Uses or attempts to use a dangerous weapon; or

"(c) Causes or attempts to cause serious physical injury to any person."

The referenced statute, ORS 164.395, provides:

"(1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft \*\*\* the person uses or threatens the immediate use of physical force upon another person with the intent of:

"(a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking; or

"(b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft \*\*\*."

## CHARGES IN THIS CASE

Per the indictment, both counts were charged with the aggravating firearm enhancement, ORS 161.610(2), which provides that "[t]he use or threatened use of a firearm, whether operable or inoperable, by a defendant during the commission of a felony may be pleaded in the accusatory instrument and proved at trial as an element in aggravation of the crime[.]" Because of that enhancement, the use or threatened use of a firearm becomes an element that the state has to prove. *See State v. Flores*, 259 Or App 141, 147, 313 P3d 378 (2013), *rev den*, 354 Or 735 (2014) (explaining that the "proscribed conduct—use or threatened use of a firearm during the commission of a felony—is expressly designated an *element*" (emphasis in original)).

The state charged defendant with first-degree robbery as follows:

"The defendant \*\*\* did unlawfully and knowingly, while in the course of committing or attempting to commit theft, with the intent of preventing and overcoming resistance to defendant's taking of property and retention of the property immediately after the taking, and being armed with a deadly weapon, use or threaten the immediate use of physical force upon [SC]."

Accordingly, per the indictment, the state charged defendant with ORS 164.415(1)(a), therefore, for the purposes of the merger analysis, we disregard the alternative

forms of the offense—in this case, first-degree robbery ORS 164.415(1)(b) - (c)—because they were not charged or required to be proven. *See State v. Alvarez*, 240 Or App 167, 171, 246 P3d 26 (2010), *rev den*, 350 Or 408 (2011) (explaining that "we will look to the indictment to determine which form is charged and use the elements of the charged version in the merger analysis"). As charged and explained in the jury instructions, the state had to prove: (1) while in the course of committing theft of property, (2) defendant threatened the immediate use of physical force upon SC, (3) and he was armed with a deadly weapon (4) with the intent of preventing and overcoming resistance to the taking of the property. Because the state charged defendant with the aggravating firearm enhancement, the state also had to prove an additional element: that defendant "threatened the use of a firearm during the commission of the offense." ORS 161.610(2). *Flores*, 259 Or App at 147. That formulation reflects what the jury had to find in order to convict defendant of first-degree robbery with a firearm. *State v. Kuester*, 275 Or App 414, 418, 364 P3d 685 (2015) (looking to the jury instructions when conducting merger analysis).

As to the UUW charge, the state charged defendant as follows:

> "The defendant * * * did unlawfully attempt to use, carry or possess with intent to use unlawfully against another person, a firearm, a deadly weapon."

Thus, per the indictment and accompanying jury instructions, for the crime of UUW, the state had to prove the following elements: (1) defendant carried or possessed a firearm (2) with the intent to use it unlawfully against another person, and (3) per the firearm enhancement, that defendant "threatened the use of a firearm during the commission of the offense." ORS 161.610(2).

## ANALYSIS

Defendant contends that merger was required because all of the elements in UUW-firearm are subsumed with all of the elements in first-degree robbery with a firearm. *See State v. Jackson*, 313 Or App 708, 713, 495 P3d 171, *rev den*, 369 Or 110 (2021) (recognizing that merger is

required if "elements of one offense are subsumed in the elements of the other offense"). Unenhanced, UUW and robbery do not merge because UUW's "carrying or possessing a dangerous weapon" element is not an element in first-degree robbery, and first-degree robbery's "using or threatening the immediate use of physical force upon a person with the intent of preventing and overcome resistance to the defendant's taking of property" elements are not found in UUW. *State v. Jeffrey*, 329 Or App 380, 394, 541 P3d 909 (2023), *rev den*, 372 Or 290 (2024) (applying similar logic to alternate form of first-degree robbery).

Defendant contends, however, that the addition of the firearm enhancement fundamentally changes the elements of both crimes such that the elements of UUW-firearm are entirely subsumed within the elements of first-degree robbery-firearm. According to defendant, with the addition of the firearm enhancement element to first-degree robbery, the state had to prove that defendant used or threatened the use of the firearm against another person in order to prove the offense.

However, unlike UUW-firearm, first-degree robbery does not require that defendant use or threaten to use the firearm against another person. Rather, as charged in this case, first-degree robbery with a firearm required that defendant be armed with a deadly weapon, that he used force to overcome or prevent the victim's resistance, and that he used or threatened to use a firearm at some point during the offense. It does not, unlike UUW-firearm, require that defendant use or threaten to use the firearm *against another person*. Indeed, defendant could have used the firearm to shoot through a locked door during a home invasion robbery and then punch (*i.e.*, use physical force against) the homeowner to overcome resistance and still be convicted of first-degree robbery with a firearm as charged in this case. *See, e.g.*, *State v. Dentel*, 272 Or App 130, 135, 354 P3d 753 (2015) (explaining that felon in possession (FIP)-firearm, as charged in that case, did not require defendant to use the firearm "against another person," an element in UUW-firearm because a defendant could discharge the firearm without another person present); *see also State v. Merrill*,

303 Or App 107, 123, 463 P3d 540 (2020), *adh'd to as modified on recons*, 309 Or App 68, 481 P3d 441, *rev den*, 368 Or 402 (2021) (explaining that merger is precluded when it "is possible to prove the elements of an [offense], *without also and necessarily* proving all elements of" another offense (emphasis in original)).

As charged, UUW-firearm contains an element (unlawfully use a weapon against another person) that is not subsumed in any of the elements in first-degree robbery with a firearm. Accordingly, the trial court correctly declined to merge those two verdicts.

Affirmed.