Argued and submitted August 30,
reversed and remanded December 10, 1979

STATE OF OREGON,
*Respondent,*

*v.*

LEROY R. LOCKWOOD,
*Appellant.*

(No. 78-804, CA 14123)

603 P2d 1231

Steven V. Johnson, Portland, argued the cause and filed the brief for appellant.

Douglas F. Foley, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were James Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

The defendant appeals from his conviction for the crime of menacing, ORS 163.190,[1] contending that the trial court erred in failing to grant his motion for a judgment of acquittal and in refusing to give certain requested instructions concerning the defense of justification. We reverse because of the trial court's failure to give the requested instructions.

This case arose out of a confrontation between the defendant and certain juveniles which took place in the possibly misnamed area of Happy Valley. The confrontation began in the evening when the three victims were out driving and passed another car being driven by a friend of the defendant's son. This encounter resulted in the victims and the friend throwing gum and cola at each other's cars and threatening to force a collision between the vehicles.

Somewhat later, after the victims had returned home, they discovered that someone had smashed the windshield of one of their cars. They went looking for the friend. Meanwhile, the friend had gone to the defendant's house where he told the defendant's son about the earlier confrontation.

The victims drove by the defendant's house four times that night. The first time, the victims stopped in front of the house and one of them started to get out of the car. However, the car sped away when the defendant's dog ran toward the car, barking. Shortly after this incident, the defendant returned home and learned of the prior confrontation.

The defendant had been the victim of past acts of vandalism. He knew that one of the juveniles who had driven by his house had a community reputation as a

---

[1] ORS 163.190 provides:

"(1)  A person commits the crime of menacing if by word or conduct he intentionally attempts to place another person in fear of imminent serious physical injury.

"(2)  Menacing is a Class A misdemeanor."

vandal. On prior occasions, that juvenile had challenged both the friend of defendant's son and one of the defendant's neighbors to fight with him.

The victims drove by twice more before the final confrontation with the defendant. On both occasions, the victims sped away when they saw the defendant, who was outside checking on and securing his various vehicles which were parked in the driveway.

At this point, the defendant armed himself with a baseball bat and an unloaded pistol. He testified that he was concerned that the juveniles would return to vandalize his property.

The juveniles did return and stopped in the defendant's driveway. The defendant was standing in the driveway. The juveniles yelled at the defendant, who then advanced holding the baseball bat and a flashlight and with the unloaded pistol tucked in his pants. As the defendant approached the car, he could tell that there were four people in it. He pulled the pistol, pointing it at the front seat of the car and threatening the occupants. After an initially hostile confrontation, both the defendant and the juvenile victims calmed themselves and the victims left.

On appeal, the defendant's first contention is that the trial court erred in denying his motion for a judgment of acquittal. The defendant was charged with harrassing three of the juveniles. One of them did not testify at the trial. The defendant argues that, in a prosecution for the crime of menacing, the victim's testimony is essential and that without it the state's case fails. Defendant is mistaken.

Menacing consists of intentionally attempting to place another person in fear of imminent serious physical injury. The victim's subjective state of mind is not a defined element of the crime. The victim's testimony is not essential.

As the code commentary notes,

" 'Physical menace' implies such conduct as would cause fear to a reasonable man. The standard to be applied is an objective one. Obviously empty threats to inflict serious injury are not so harmful as to deserve criminal sanction.

"Unsuccessful attempts to place another in fear are included within the menacing section. It is intended that the following cases would constitute the offense of menacing:

"(1)  The victim apprehends the danger but does not fear it.

"(2)  The actor's conduct is such as would cause fear to a reasonable man but the intended victim is aware that the actor will not inflict the threatened harm, e.g., victim knows the actor's gun is not loaded.

"(3)  The intended victim is unaware of the actor's threat, e.g., he is blind and does not know the actor is pointing a gun at him."

*Criminal Law Revision Commission, Proposed Criminal Code, Final Draft and Report,* § 95, at 96 (1970).

The evidence outlined above was sufficient to allow the jury to find that a reasonable person would have been placed in fear of imminent serious physical injury when the defendant approached the victim's car brandishing a baseball bat and a pistol.

The defendant's remaining assignments of error all focus on the trial court's refusal to give requested instructions on the defense of justification. The trial court held that the evidence did not warrant the giving of the instructions. We disagree.

The defendant requested instructions based on the defense of premises and of property, and on self-defense. The pertinent justification statutes read as follows:

"A person in lawful possession or control of premises is justified in using physical force upon another person when and to the extent that he reasonably

[643]

believes it necessary to prevent or terminate what he reasonably believes to be the commission or attempted[2] commission of a criminal trespass by the other person in or upon the premises." ORS 161.225.

"A person is justified in using physical force, other than deadly physical force[3] upon another person when and to the extent that he reasonably believes it necessary to prevent or terminate the commission or attempted commission by the other person of theft or criminal mischief of property." ORS 161.229.

"Except as provided in ORS 161.215 and 161.219, a person is justified in using physical force upon another person to defend himself or a third person from what he reasonably believes to be the use or imminent use of unlawful physical force, and he may use a degree of force which he reasonable believes to be necessary for the purpose." ORS 161.209."

The defendant is entitled to have the jury instructed on his theory of the case where that theory is supported by the evidence. *State v. Matthews,* 30 Or App 1133, 569 P2d 662 (1977); *State v. McWilliams,* 29 Or App 101, 562 P2d 577, *rev den* (1977). We find that the evidence in this case is sufficient to support the defendant's theory that he acted in defense of his premises or property, or in self-defense.

When the victims' car pulled into the defendant's driveway, the defendant knew of the earlier confrontation between the juveniles and his son's friend. The defendant had been the past victim of vandalism, and he knew that one of the juveniles had a reputation in the community as a vandal. The victims already had driven by the defendant's house three times that night, speeding away when they saw the defendant. The defendant's vehicles were parked in the driveway.

---

[2] ORS 161.405(1)(a) states:

"A person is guilty of an attempt to commit a crime when he intentionally engages in conduct which constitutes a substantial step toward commission of the crime."

[3] ORS 161.015(3) states:

" 'Deadly physical force' means physical force that under the circumstances in which it is used is readily capable of causing death or serious physical injury."

This evidence supports the defendant's theory that he reasonably believed some show of force was necessary to prevent the commission of criminal mischief[4] or criminal trespass.[5]

The trial court erroneously held that there was no criminal trespass in this case because, after an initial hostile encounter, the defendant and the juveniles parted amicably. "* * * [T]he justification for [the defendant's] action must be assessed in light of the circumstances at the precise moment in which defendant acted." *State v. Burns,* 15 Or App 556, 562, 516 P2d 748 (1973). The fact that the dispute was resolved amicably is irrelevant.

The evidence also supports the giving of the requested self-defense instruction. As the defendant walked down the driveway toward the juveniles car, in an attempt to defend his premises and property, he could see four people in the car. He knew that the car belonged to a juvenile who had challenged both his son's friend and a neighbor to fight with him. The hour was late. The defendant knew of the earlier confrontation between the juveniles and his son's friend. The car had driven by the defendant's house three times that evening.

This evidence supports the defendant's theory that he reasonably believed that some show of force was necessary to defend against the imminent use of unlawful physical force.

The defendant's remaining requested instruction simply informed the jury that justification is a defense, ORS 161.190, and that the state has the burden

[4] ORS 164.345 states:

"A person commits the crime of criminal mischief in the third degree if, with intent to cause substantial inconvenience to the owner or to another person, and having no right to do so nor reasonable grounds to believe that he has such right, he tampers or interfers with the property of another."

[5] ORS 164.245 states:

"A person commits the crime of criminal trespass in the second degree if he enters or remains unlawfully in or upon premises."

[645]

of disproving a defense beyond a reasonable doubt. ORS 161.055(1). We hold that the evidence supported the giving of the defendant's requested instructions.

"The refusal of the trial court to give an instruction requested by the defendant is error only if the requested instruction correctly states the applicable law." *State v. Brazeal,* 247 Or 611, 613, 431 P2d 840 (1967), and cases cited therein. Here, the defendant's requested instructions were in the language of the pertinent statutes. However, the state argues that the instructions should not have been given because the threat of physical force is not the *use* of physical force. The state insists that the requested instructions are inaccurate.

The state is wrong. While the statutes do not define the use of physical force, it would be anomalous to hold that the justification statutes allow the application of physical force, but not the threat to apply such force. Courts will not construe statutes to "* * * produce 'an absurd or unreasonable result' * * *." *Pacific P & L v. Tax Com.,* 249 Or 103, 110, 437 P2d 473 (1968). When a person is justified in using physical force, "[a] fortiori he may threaten to use it, without actually using it." *LaFave and Scott, Criminal Law,* § 53, at 392, n. 10 (1972).

The trial court erred in refusing to give the defendant's requested instructions. Since this error prevented the jury from being instructed on the defendant's theory of the case, the error was prejudicial.

Reversed and remanded for a new trial.