Argued and submitted November 13, 1992, reversed April 20, 1994

In the Matter of
James Poston, a Child.
STATE ex rel JUVENILE DEPARTMENT
OF COOS COUNTY,
*Respondent,*

*v.*

James POSTON,
*Appellant.*

(J4267; CA A72402)

873 P2d 429

Robert J. McCrea argued the cause for petitioner.

Thomas H. Denny, Assistant Attorney General, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

Before Richardson, Chief Judge, and Deits, Judge, and Durham, Judge pro tempore.

DURHAM, J. pro tempore.

Deits, J., dissenting.

## DURHAM, J. pro tempore

Child assigns error to the juvenile court's finding of jurisdiction over him for unlawful possession of a firearm. ORS 166.250(1). We review *de novo*, ORS 419A.200(5); ORS 19.125(3), and reverse.

■ Child was seventeen years of age at the time of the incident and a student at Southwestern Oregon Community College. He lived with his mother and sister at a motel that his mother owns and operates. On the night of the incident, child's sister heard yelling and swearing outside of the motel and saw her mother go out to stop the commotion. The commotion continued, and she became afraid. She called child, who was asleep in a different part of the motel, told him that their mother was in a fight with some people outside and asked him to hurry. Both child and his sister were aware that, during an earlier attempt to resolve a commotion, his mother was in a physical altercation with a motel patron. Child awoke, grabbed his mother's handgun out of an unlocked safe and stepped outside to look for his mother. His mother was no longer outside and called to child from the motel office. Child returned to the motel and placed the gun back in the safe. He never pointed the gun at anyone.

ORS 166.250 (*since amended by* Or Laws 1993, ch 735, § 12), provided, in part:

"(1)   Except as otherwise provided in this section * * * a person commits the crime of unlawful possession of a firearm if the person knowingly:

"* * * * *

"(c)   Possesses a firearm and:

"(A)   Is under 18 years of age;

"* * * * *

"(2)   This section does not prohibit:

"(a)   A minor, who is not otherwise prohibited under paragraph (c) of subsection (1) of this section, from possessing a firearm:

"* * * * *

"(B)   Temporarily for hunting, target practice *or any other lawful purpose*." (Emphasis supplied.)

This case turns on whether child possessed the handgun for a "lawful purpose." Child argues that the phrase includes temporary possession for self-defense and defense of others. ORS 161.209 provides, in part:

> "[A] person is justified in using physical force upon another person for self-defense or to defend a third person from what the person reasonably believes to be the use or imminent use of unlawful physical force, and the person may use a degree of force which the person reasonably believes to be necessary for the purpose."

■ Defense of persons or property can also justify an otherwise unlawful show or threat of force. In *State v. Lockwood*, 43 Or App 639, 603 P2d 1231 (1979), the defendant was convicted of menacing for pointing an unloaded pistol at a group of juveniles parked in his driveway. We reversed the conviction, holding that the defendant was entitled to jury instructions on self-defense and defense of property, because the evidence supported his theory that he could reasonably believe that some show of force was necessary to defend against damage to his property and the imminent use of unlawful physical force. The defendant had been vandalized in the past and knew that one of the juveniles in the car had a reputation for vandalism. The occupants of the car had earlier confronted a friend of the defendant's son. The car already had driven past the defendant's home three times that night, each time speeding away. The defendant could see that there were four people in the car, the hour was late, and he knew that the car belonged to a juvenile who had challenged others to fight with him.

Here, the juvenile court concluded that child could not lawfully possess the gun to defend his mother, because

> "[i]t is not reasonable for a person to arm himself/herself with a firearm when the facts do not indicate that deadly physical force is appropriate."

While *use* of the firearm ultimately may not have been justified under the circumstances, it does not follow that child's *possession* of the gun was not justified.[1] At the time that child

---

[1] The dissent makes the same mistake that the trial court made in stating that the issue

"is whether there was an objectively reasonable basis for child to believe that he

possessed the gun, he did not know the details of what was happening to his mother, but he knew that she was in a fight with "some people" outside the motel, that his sister was frightened and had asked him to hurry, and that a motel patron had fought with the mother at the motel in the past. He testified that he thought that his mother was in a fight. Although child took the gun with him to look for his mother, he never pointed the gun at anyone and returned the gun to the safe upon discovering that his mother was safely back inside the motel. The fact that child ultimately did not need to possess the gun to defend his mother emerges only in hindsight. As in *Lockwood*, he reasonably could believe that his possession of the gun would be necessary to deter the aggressors and defend against the use or imminent use of unlawful physical force against his mother.

Child's limited possession of the gun meets the requirement of ORS 166.250(2)(a)(B) that possession for a lawful purpose be only temporary. Once his reasonable belief that he might need to defend his mother evaporated, child ended his possession of the gun. Although we share the trial court's concern about allowing children to bring handguns to every "pushing match" in the name of self-defense, under the unique circumstances of this case, child lawfully possessed the handgun temporarily for defense.

Reversed.

**DEITS, P. J.,** dissenting.

The majority holds that the trial court erred in concluding that child was within the jurisdiction of the juvenile court. I believe that the trial court's finding of jurisdiction was correct and, accordingly, I dissent.

As the majority recognizes, under ORS 166.250(1), child's possession of a firearm would be unlawful because he was under 18 years of age. ORS 166.250. The majority concludes, however, that child's possession of the firearm was

---

was going to need to defend himself or others against the use of imminent deadly physical force." 127 Or App at 543-44.

That is the standard for *use* of a gun in self-defense. As *State v. Lockwood, supra,* 43 Or App at 646, demonstrates, the defense of self or others may consist of possession of a firearm, without firing it, in response to an aggressor's actions that involve unlawful non-deadly physical force.

not unlawful here because the circumstances of this case come within the exception in ORS 166.250(2) that allows temporary possession of a firearm "for hunting, target practice *or any other lawful purpose.*" (Emphasis supplied.) The majority holds that the lawful purpose for which child possessed the firearm was for self-defense and the defense of others.

I agree with the majority that temporary possession of a firearm for self-defense or the defense of others could constitute possession for a "lawful purpose" under ORS 166.250(2) and that, if this exception is met, child's conduct was not unlawful. I also agree with the standard that the majority applies for determining whether this exception is met. It correctly points out that the test for deciding if the use of physical force is necessary is set out in ORS 161.209:

> "[A] person is justified in using physical force upon another person for self-defense or to defend a third person from what the person *reasonably believes to be the use or imminent use of unlawful physical force,* and the person may use a degree of force which the person reasonably believes to be necessary for the purpose." (Emphasis supplied.)

Additionally, I would note that under ORS 161.219, a person may not use deadly physical force against another person unless the person "reasonably believes" that the other person is committing or about to commit a felony involving the use or threatened imminent use of physical force against a person or is "using or about to use unlawful deadly physical force against a person."

My disagreement with the majority is in its conclusion that at the time child grabbed the gun, "he reasonably could believe that his possession of the gun would be necessary to deter the aggressors and defend against the use or imminent use of unlawful physical force against his mother."[1] I do not believe that there is evidence in this record to support that conclusion. The question is not whether deadly physical force *might* be needed in the circumstances. It is whether there was an objectively reasonable basis for child

---

[1] Child argues that the trial court erred in applying an objective, reasonable person standard. He contends that the appropriate standard is whether he had a good faith belief that physical force was necessary. Although not expressly stated, the majority appears to reject that argument and applies a reasonable person standard.

to believe that he was going to need to defend himself or others against the use of imminent deadly physical force.

As the trial court found here, there simply was not evidence that a person under these circumstances could reasonably hold the belief that the use of a firearm was going to be necessary to defend against the imminent use of unlawful physical force. Child knew that his mother had been in a previous altercation with a motel guest. However, there are no details as to the nature and gravity of that situation. All that child knew about the circumstances here was that there had been yelling and swearing outside the motel and that his mother had gone out to stop the commotion and was now in a fight. There is nothing that indicates that child saw or heard anything that would justify a conclusion that it would be necessary to defend against imminent physical force.

The legislature chose to make *possession* of a firearm by a juvenile unlawful. In doing so, it recognized that possession of a firearm by a juvenile poses a more serious risk than possession by an adult. The majority's conclusion essentially allows a juvenile to grab a firearm in circumstances where the child thinks that the use of the firearm *might* be necessary. That is not the standard expressed by the legislature in the statutes. In my view, the trial court's judgment here was correct and I would affirm the court's decision.