Submitted May 30, 2019, affirmed August 4, petition for review denied December 23, 2021 (369 Or 110)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PERRY SAMUEL JACKSON,
*Defendant-Appellant.*

Coos County Circuit Court
16CR71768; A164742

495 P3d 171

In this criminal appeal, defendant primarily contests the trial court's refusal to merge a conviction of first-degree trespass with second-degree burglary. On appeal, defendant argues that because the elements of the trespass count are subsumed within the elements of the burglary count, the trial court committed legal error by entering convictions for each count. The state concedes that the counts should have been merged. *Held*: The governing statute, ORS 161.067, prevents merger when the same conduct violates multiple provisions of criminal law and each provision requires proof of an element that the others do not. In this case, defendant was charged with first-degree trespass, which required proof of unlawful entry into a "dwelling," as defined by statute, and second-degree burglary, which required proof of unlawful entry into a "building" with intent to commit a crime. Notwithstanding the state's concession, proof of facts sufficient to show a structure was a building, as required for the burglary count, did not necessarily prove that the structure was a dwelling, as required for the trespass count. Because trespass required proof of elements that burglary did not, the trial court did not err by entering separate convictions.

Affirmed.

Richard L. Barron, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Zachary Lovett Mazer, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Hannah K. Hoffman, Assistant Attorney General, filed the briefs for respondent.

Before DeHoog, Presiding Judge, and Aoyagi, Judge, and Landau, Senior Judge.

LANDAU, S. J.

Affirmed.

**LANDAU, S. J.**

Defendant appeals a judgment of conviction for second-degree burglary, second-degree criminal mischief, first-degree trespass, and second-degree theft. He advances three assignments of error: first, that the trial court erred in denying a day-of-trial motion for a continuance; second, that the trial court erred in failing to merge the convictions for second-degree burglary and first-degree trespass; and third, by way of a supplemental assignment, that the trial court committed plain error when it instructed the jury that a vote of only 10 jurors was necessary for a conviction. We reject the first assignment without discussion. We also reject defendant's supplemental assignment as unpreserved, and we conclude that the trial court did not err in failing to merge the burglary and trespass convictions. We therefore affirm.

The relevant facts are not in dispute. Defendant broke into a then-unoccupied house located on Date Street, changed the locks, and posted a notice that he was asserting ownership by adverse possession. The owner was able to obtain entry and change the locks again, but defendant once again broke into the house. The state charged defendant with numerous offenses relating to those incidents. Pertinent to this appeal, the indictment alleged that defendant, in committing second-degree burglary, "did unlawfully and knowingly enter and remain in a building," namely, the Date Street house. As to the charge of first-degree trespass, the indictment alleged that defendant "did unlawfully and knowingly enter or remain in a dwelling," the Date Street house.

Defendant waived his right to counsel and represented himself, and the case proceeded to trial. The trial court instructed the jury that 10 or more jurors must agree on the verdict. Defendant did not request a unanimous verdict instruction. The jury returned verdicts of guilty on the four counts. Neither party requested the trial court to poll the jury.

At sentencing, the question arose whether the convictions for second-degree burglary and first-degree trespass should merge. The trial court noted that the burglary

charge referred to defendant having entered a "building," while the trespass charge referred to defendant having entered a "dwelling." The state appears to have suggested that the distinction was of no matter for sentencing purposes and that the two convictions should merge. The trial court nevertheless entered separate convictions. On appeal, defendant argues that the trial court erred in delivering a nonunanimous jury instruction and in failing to merge the burglary and trespass convictions.

We begin with defendant's jury instruction claim of error. Defendant concedes that he did not ask for a unanimous jury instruction. He further concedes that he did not ask the trial court to poll the jury. He nevertheless argues that the trial court committed plain error in instructing the jury and that the error was "structural" in nature. According to defendant, because of that structural error, it does not matter that he failed to ask the court to poll the jury. In any event, he argues, the error was not harmless. The state responds that, although the jury instruction was erroneous, it should not be reviewed as plain error.

ORAP 5.45(1) provides that a claim of error may not be considered on appeal "unless the claim of error was preserved in the lower court *** provided that the appellate court may, in its discretion, consider a plain error." Determining whether to review asserted plain error involves two questions: First, is the error "plain"; in other words, is the error one of law, not reasonably in dispute, and apparent from the record? *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Second, if the error is plain, should the appellate court exercise its discretion to review the error? *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

In this case, although it was plain error for the trial court to deliver a nonunanimous jury instruction, we decline to exercise our discretion to review the error, given the absence of a jury poll.

In *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the United States Supreme Court held that the Sixth Amendment to the United States Constitution requires a jury to be unanimous to convict a

defendant of a serious criminal offense. The Oregon Supreme Court then held, in *State v. Ulery*, 366 Or 500, 464 P3d 1123 (2020), that *Ramos* requires reversal of Oregon convictions based on nonunanimous jury verdicts. The court further held in *Ulery* that reversal of nonunanimous convictions is appropriate even if the error was not preserved in the trial court. *Id*. at 503; *see also State v. Kincheloe*, 367 Or 335, 339, 478 P3d 507 (2020), *cert den*, ___US___, 141 S Ct 2837, 210 L Ed 2d 951 (2021) (receipt of a nonunanimous guilty verdict is plain error).

The question then arose whether *Ramos* requires convictions to be reversed when the trial court erroneously instructs the jury that it may convict on less than a unanimous verdict, but the jury nonetheless votes unanimously. The Oregon Supreme Court took up that question in *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020). In that case, the state argued that the return of a unanimous verdict renders any instructional error harmless. The defendant argued that the instructional error was "structural" in nature—that is, the error is a "structural defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself," *Arizona v. Fulminante*, 499 US 279, 310, 111 S Ct 1246, 113 L Ed 2d 302 (1991). Because the error was structural, the defendant argued, no harmless error analysis applies. The Supreme Court rejected the defendant's argument that an erroneous nonunanimous jury instruction is structural and requires no harmless error analysis. *Flores Ramos*, 367 Or at 301-05. The court went on to conclude that, where a poll of the jury reveals a unanimous verdict, the fact that the trial court delivered an erroneous nonunanimous jury instruction amounts to harmless error. *Id*. at 334.

There remained the question whether the delivery of an erroneous nonunanimous jury instruction is reversible error when the jury was *not* polled. The Oregon Supreme Court addressed that question with respect to unpreserved claims of error in *State v. Dilallo*, 367 Or 340, 478 P3d 509 (2020). The defendant in that case, who had not preserved the issue at trial, argued that, because the burden rests with the state to prove harmless error, the lack of a jury poll is, in effect, the state's problem. The court, while not disagreeing

with defendant's proposition as to the federal constitutional standards, declined to review the issue as plain error:

> "Defendant may be right that the state would be unable to show that the instructional error that occurred in this case was harmless beyond a reasonable doubt, if we did exercise our discretion to review the error. But that does not mean that plain error review is appropriate ***. The fact that the opposing party may need to take additional steps to develop the record in order to address an assignment of error is one of the reasons that a timely objection is required. Here, defendant did not put the state or the court on notice of his objection to the jury instruction, so the absence of a jury poll is fairly attributable to defendant, even if the state would otherwise bear the burden of establishing harmlessness on appeal."

*Id*. at 348 (citations omitted). The court held that, while the delivery of the instruction amounts to plain error, it is not appropriate for appellate courts to review the error when the issue was not preserved in the trial court and the jury was not polled. *Id*. *But see State v. Scott*, 309 Or App 615, 483 P3d 701 (2021) (where defendant preserved an objection to nonunanimous jury instruction, the state was required to demonstrate that the constitutional violation was harmless beyond a reasonable doubt and could not do so in the absence of a jury poll).

In this case, although the trial court delivered an erroneous nonunanimous jury instruction, we do not exercise discretion to review it for the reasons set forth in *Dilallo*. Defendant's argument that the error was structural in nature is foreclosed by the Supreme Court's decision in *Flores Ramos*.

We turn then to defendant's contention that the trial court erred in failing to merge the burglary and trespass convictions. Defendant contends that the second-degree burglary conviction and the first-degree trespass conviction should merge into a single conviction for second-degree burglary. According to defendant, first-degree trespass is merely a lesser-included offense of second-degree burglary. The state concedes that the court erred in failing to merge the convictions. Upon careful consideration, however, we decline to accept the concession. *See State v. Gillespie*,

299 Or App 813, 816, 451 P3d 637 (2019) (when state concedes error, "we are not bound to accept that concession and must decide whether to accept it" (quoting *Cervantes v. Dept. of Human Services*, 295 Or App 691, 693, 435 P3d 831 (2019))).

Whether offenses merge is a question of law, *State v. Loving*, 290 Or App 805, 809, 417 P3d 470 (2019), albeit "one of the most vexing in criminal law," *State v. Gensitskiy*, 365 Or 263, 273, 446 P3d 26 (2019) (quoting *State v. Cloutier*, 286 Or 579, 582-83, 596 P2d 1278 (1979)). The issue is governed by ORS 161.067(1), which provides:

> "When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

Under that statute, merger is required when the elements of one offense are subsumed in the elements of the other offense. *State v. Merrill*, 303 Or App 107, 123, 463 P3d 540 (2020), *adh'd to as modified on recons*, 309 Or App 68, 481 P3d 441 (2021). Ordinarily, that is determined by comparing the statutory elements of each offense, without regard to the allegations of fact in the indictment. *Id*. But when either of the relevant statutes specify alternate ways of establishing the commission of the offense, we also take into account the elements alleged in the indictment. *State v. Oldham*, 301 Or App 82, 85, 455 P3d 975 (2019).

The Oregon Supreme Court's decision in *State v. Blake*, 348 Or 95, 228 P3d 560 (2010), demonstrates the proper analysis under ORS 161.067(1). In that case, the defendant attempted to make a single purchase with a forged $100 bill. The state charged him with one count of forgery in the first degree, ORS 165.013(1)(a), and one count of criminal possession of a forged instrument in the first degree, ORS 165.022(1). *Blake*, 348 Or at 97. A jury found the defendant guilty of both charges. At sentencing, the defendant unsuccessfully argued that the two convictions should merge into a single conviction for forgery. *Id*. The Supreme Court reversed.

The court explained that, under the merger statute, the controlling question is whether each statute defining the relevant criminal offenses requires proof of an element that the other does not:

> "[I]f one offense contains X elements, and another offense contains X + 1 elements, the former offense does not contain an element that is not also found in the latter offense. In that situation, under ORS 161.067(1), there is only one separately punishable offense."

*Id.* at 98. Turning to the two offenses at issue, the court first noted that forgery requires proof of (1) intent to injure or defraud; (2) uttering; (3) of a forged bill; and (4) knowledge that the bill is forged. *Id.* at 99-100. The court then noted that the offense of criminal possession of a forged instrument requires proof of (1) intent to utter; (2) possession; (3) of a forged bill; and (4) knowledge that the bill is forged. *Id.*

The court began its analysis of those elements by first focusing on the conduct required by the two offenses. Forgery requires "uttering," while possession of a forged instrument requires "possession." The court concluded that, because one cannot utter a forged instrument without first possessing it, proof of uttering necessarily includes proof of possession. *Id.* at 101.

The court applied similar reasoning to the level of intent required by the two crimes. Forgery requires intent to injure or defraud, while possession of a forged instrument requires intent to utter. The court concluded that "proof of intent to injure or defraud *** necessarily proves the intent to utter." *Id.* at 102. Merger was required, the court concluded, because "[c]riminal possession of a forged instrument does not require proof of an element—an act or an intent—that is not also required to prove the crime of forgery." *Id.*

With that analysis in mind, we turn to this case and the question whether proof of second-degree burglary necessarily involves proof of first-degree trespass. The criminal code sets out two types of burglary. Under ORS 164.215, a person commits the offense of second-degree burglary "if the person enters or remains unlawfully in a building with

intent to commit a crime therein." Under ORS 164.225, a person commits the offense of first-degree burglary if the person commits second-degree burglary and, among other things, "the building is a dwelling."

The elements of first-degree criminal trespass are set out in ORS 164.255:

"(1) A person commits the crime of criminal trespass in the first degree if the person:

"(a) Enters or remains unlawfully in a dwelling;

"(b) Having been denied future entry to a building pursuant to a merchant's notice of trespass, reenters the building during hours when the building is open to the public with the intent to commit theft therein;

"(c) Enters or remains unlawfully upon railroad yards, tracks, bridges or rights of way; or

"(d) Enters or remains unlawfully in or upon premises that have been determined to be not fit for use under ORS 453.855 (Purpose) to 453.912 (Governmental immunity from liability)."

In this case, the indictment charged defendant with the first of the four ways of committing the offense, entering or remaining unlawfully in a dwelling, so that is the relevant element for the purposes of our decision here.

Applying the Supreme Court's analysis in *Blake*, the question is whether each of the statutes that define the relevant criminal offenses requires proof of an element that the other does not. In this case, the answer is yes. As we have noted, second-degree burglary requires proof of (1) unlawfully entering or remaining; (2) in a building; (3) with intent to commit a crime therein. The lesser offense of first-degree trespass requires proof of (1) unlawfully entering or remaining; (2) in a dwelling. Thus, the offense of second-degree burglary requires proof of something that first-degree trespass does not: Intent to commit a crime once in the building. And the offense of first-degree trespass requires proof of something that second-degree burglary does not: Unlawfully entering or remaining in a dwelling.

Defendant argues that first-degree trespass does not actually require proof of an additional element, because a "dwelling" is defined by statute as a kind of "building." As a result, he argues, if the state proves that he entered a "dwelling," it necessarily proved that he entered a "building." Defendant is correct that, for the purposes of the statutes at issue here, a "dwelling" is a kind of building. ORS 164.205(2) defines a "dwelling" as a "building which regularly or intermittently is occupied by a person lodging therein at night, whether or not a person is actually present."

Defendant's argument ignores the fact that, for the state to prove that he entered a "dwelling" for the purposes of establishing first-degree criminal trespass, it had to prove something that it did not have to prove to establish second-degree burglary. That is, to establish first-degree criminal trespass, the state had to prove not just that defendant entered any sort of "building" but that he had entered a particular kind of building, *viz*., one that "regularly or intermittently is occupied by a person lodging therein at night." ORS 164.205(2). Thus, proof that defendant unlawfully entered a "building" does not necessarily establish that he entered a "dwelling," and under *Blake* that is what is required for merger. Second-degree burglary, on the other hand, does not require proof that a person entered a dwelling, but can be proven based on entry into any "building."

That distinction between entering a "building" and entering a "dwelling" is borne out by the statutory difference between first-degree burglary and second-degree burglary. Although first-degree burglary, under ORS 164.225, requires proof that the defendant entered a "dwelling," the conviction here was under ORS 164.215, which requires proof that the defendant entered a "building." If the state had charged defendant with first-degree burglary, it would make sense to say that the offense of first-degree trespass merges with that offense, because in both cases the state would be required to prove unlawful entry in a "dwelling." But here, the state charged defendant not with first-degree burglary, but second-degree burglary, which requires proof of unlawful entry into a "building." That, in effect, required the state to prove a different element to establish first-degree

trespass than what it needed to prove to establish second-degree burglary. We therefore conclude that the trial court did not err in failing to merge the first-degree trespass conviction into a single conviction for second-degree burglary.

Affirmed.