Argued and submitted May 5, 2020, affirmed May 11, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

FREDRICK NOLAN SORRELL,
aka Frederick Sorrell Harmes,
aka Frederick Nolan Sorrell, nka Rich Harms,
*Defendant-Appellant.*

Multnomah County Circuit Court
17CR42488; A168697

510 P3d 904

Benjamin N. Souede, Judge.

Stacy M. Du Clos, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant appeals from a judgment of conviction for two counts of second-degree intimidation, ORS 166.155(1)(c)(A) (2017), *amended by* Or Laws 2019, ch 553, § 1.[1] He entered a conditional plea of no contest to those two counts after the trial court denied his demurrer to the indictment, which charged three counts of second-degree intimidation. On appeal, defendant reprises his challenge to the indictment, arguing that ORS 166.155(1)(c)(A) (2017) violates Article I, section 8, of the Oregon Constitution, because it is an overbroad restriction on protected expression. We recently addressed the same issue in *State v. Smith*, 319 Or App 388, 510 P3d 217 (2022), and concluded that the statute is not overbroad. Likewise here, we affirm.

The two counts in the indictment each alleged that defendant "intentionally and because of the defendant's perception of the race, color, religion, and national origin of [the victim] subject[ed] [the victim] to alarm by threatening to inflict serious physical injury upon and commit a felony affecting [the victim]." The charges were based on an incident in which defendant drove alongside the victims' car and yelled through the open driver-side window comments directed at the victims' perceived race and religion, including "take the fucking burqa off," "go back to your own fucking country," and "terrorist." The victims slowed down to let defendant pass, but he slowed his car and kept pace with theirs, continuing to yell at them and occasionally swerving toward them. Defendant also leaned out his window and used both hands to mimic shooting a gun at them. The victims called 9-1-1 during the incident.

After the state charged him, defendant demurred to the indictment, arguing that it was facially unconstitutional under Article I, section 8. The trial court denied the demurrer. Defendant then pleaded no contest to two counts of second-degree intimidation, stipulating that there were

---

[1] The legislature amended ORS 166.155 in 2019 to rename the offense of intimidation to "bias crime" and to add gender identity as a protected class. Or Laws 2019, ch 553, § 1. That law applies to crimes committed on or after July 15, 2019. Defendant engaged in the conduct underlying his convictions in 2017, and, thus, we apply the 2017 version of the statute.

sufficient facts to convict him on those charges beyond a reasonable doubt, and reserving the right to appeal the denial of his demurrer.

Defendant now appeals the trial court's denial of the demurrer, arguing that ORS 166.155(1)(c)(A) (2017) is unconstitutionally overbroad under Article I, section 8, because the range of expression that the law prohibits includes constitutionally protected expression.

We start with the statute. ORS 166.155(1)(c)(A) (2017) provides:

> "(1)   A person commits the crime of intimidation in the second degree if the person:
>
> "* * * * *
>
> "(c)   Intentionally, because of the person's perception of race, color, religion, sexual orientation, disability or national origin of another or of a member of the other's family, subjects the other person to alarm by threatening:
>
> "(A)   To inflict serious physical injury upon or to commit a felony affecting the other person, or a member of the person's family[.]"

Defendant argues that, because the statute does not limit its reach to threats that cause a fear of imminent and serious physical harm, are unequivocal, and are "objectively likely to be followed by unlawful acts," the statute is overbroad. He further argues that the statute cannot be saved through a narrowing construction, because it is missing any objectivity or imminency element that could permit a constitutional construction.

We addressed the same arguments that defendant raises here in *Smith*, in which the defendant also challenged the constitutionality of ORS 166.155(1)(c)(A) (2017), under Article I, section 8. As the parties here also agree is the correct approach, we analyzed the statute under the second category in *State v. Robertson*, 293 Or 402, 649 P2d 569 (1982), because the statute is a law focused on forbidden effects and the forbidden effects identified in the law "can be brought about by the use of words, *e.g.*, threats." *Smith*, 319 Or App at 391. Under the second *Robertson* category,

we must "evaluate the law to determine if it appears to reach communication privileged by Article I, section 8, or whether the law can be interpreted to avoid such overbreadth." *Id.* (internal quotation marks omitted). To make that determination, we first examined three Supreme Court cases that inform that inquiry: *State v. Moyle*, 299 Or 691, 705 P2d 740 (1985), *State v. Rangel*, 328 Or 294, 977 P2d 379 (1999), and *State v. Johnson*, 345 Or 190, 191 P3d 665 (2008). Using those cases as a guide, we concluded that ORS 166.155(1)(c)(A) (2017) is facially constitutional. *Smith*, 319 Or App at 395.

We explained that, based on the construction of the same term in *Moyle* and *Rangel*, the term "alarm" in ORS 166.155(1)(c)(A) (2017), "in conjunction with the type of harm specified in the statute, limits its reach to acts that inflict a sudden sense of danger, an actual fear of imminent personal violence." *Id.* at 396. We also concluded that, based on the intentional mental state in the statute, it reaches "only unequivocal and unambiguous threats that express to the victim that the threat will be carried out." *Id.* We explained that the intentional mental state in ORS 166.155(1)(c)(A) (2017) requires that "the defendant act with the conscious objective to achieve the particular result of subjecting another person to alarm, *i.e.*, fear or terror of serious physical injury or the commission of a violent felony." *Id.* As a result, "the law is limited to those threats that are 'so unambiguous, unequivocal and specific to the addressee that they convincingly express to the addressee the intention that they will be caried out.'" *Id.* (quoting *Moyle*, 299 Or at 703).

We rejected the defendant's argument that ORS 166.155(1)(c)(A) (2017) is constitutionally infirm because it does not require the alarm to be objectively reasonable, an element that was present in the laws at issue in *Moyle* and *Rangel*. We explained that the inclusion of the intentional mental state, "in conjunction with the other elements of the law, limit the law's reach to constitutionally proscribable threats." *Id.* at 397.

Our decision in *Smith* directly resolves the only error raised by defendant in this appeal. Accordingly, we conclude that, as construed in *Smith*, ORS 166.155(1)(c)(A)

(2017) is not unconstitutionally overbroad under Article I, section 8, and the trial court did not err in denying defendant's demurrer.

Affirmed.