Submitted March 28; convictions for second-degree intimidation (Count 1) and menacing (Count 2) reversed and remanded for merger of verdicts on Counts 1 and 2, remanded for resentencing, otherwise affirmed June 8; petition for review denied November 3, 2022 (370 Or 455)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL JAMES BLACK,
*Defendant-Appellant.*

Multnomah County Circuit Court
19CR31012; A173776

512 P3d 866

Steffan Alexander, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher Page, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

PER CURIAM

Convictions for second-degree intimidation (Count 1) and menacing (Count 2) reversed and remanded for merger of verdicts on Counts 1 and 2; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals a judgment of conviction for second-degree intimidation, ORS 166.155(1)(c)(A) (2017), *amended by* Or Laws 2019, ch 553, § 1 (Count 1),[1] and menacing, ORS 163.190 (Count 2). Defendant was charged with both offenses based on an incident in which defendant yelled a racial slur at the 14-year-old victim, M, then told M, "I'm going to blow your head off," and walked inside his house, after which M, fearing that defendant was going inside the house to retrieve a firearm, fled the scene. Defendant now appeals, raising two assignments of error. We reverse and remand for merger of guilty verdicts on Counts 1 and 2.

*First Assignment of Error.* In his first assignment of error, defendant challenges his conviction for second-degree intimidation, arguing that ORS 166.155(1)(c)(A) (2017) is facially unconstitutional under Article I, section 8, of the Oregon Constitution. After the state charged defendant with second-degree intimidation, defendant did not demur to that charge or otherwise argue that the statute was unconstitutionally overbroad, and he was subsequently convicted of that charge at a bench trial. On appeal, defendant argues that the range of expression prohibited by ORS 166.155 (1)(c)(A) (2017) includes constitutionally protected expression and, therefore, is unconstitutionally overbroad.

The argument advanced in defendant's unpreserved first assignment of error is foreclosed by our recent holdings in *State v. Smith*, 319 Or App 388, 510 P3d 217 (2022), and *State v. Sorrell*, 319 Or App 518, 510 P3d 904 (2022). *See Sorrell*, 319 Or App at 521 ("[A]s construed in *Smith*, ORS 166.155(1)(c)(A) (2017) is not unconstitutionally overbroad under Article I, section 8," because it "limits its reach to acts that inflict a sudden sense of danger, an actual fear of imminent personal violence." (Internal quotation marks omitted.)); *Smith*, 319 Or App at 394 ("[T]he second-degree intimidation statute *** is intended to protect individuals from alarm that is created by threats

---

[1] The legislature amended ORS 166.155 in 2019. Or Laws 2019, ch 553, § 1. That law applies to crimes committed on or after July 15, 2019. Because the conduct for which defendant was convicted occurred on May 10, 2019, we refer to and apply the 2017 version of the statute in this opinion.

of serious physical injury and for that reason, is facially constitutional.").

*Second Assignment of Error.* In his second assignment of error, defendant argues that, if the second-degree intimidation statute is construed to accord with Article I, section 8, of the Oregon Constitution, then the trial court erred when it declined to merge the guilty verdict for that offense with the guilty verdict for menacing. More precisely, defendant contends that, given the specific allegations in this case, the elements of menacing are completely subsumed into second-degree intimidation, such that the former would be a lesser-included offense of the latter.

To determine whether guilty verdicts for two separate statutory offenses must be merged into a single conviction, "the controlling question is whether each statute defining the relevant criminal offenses requires proof of an element that the other does not." *State v. Jackson*, 313 Or App 708, 714, 495 P3d 171, *rev den*, 369 Or 110 (2021). If either of the statutes at issue "specify alternate ways of establishing the commission of the offense, we also take into account the elements alleged in the indictment." *Id.* at 713.

There are various ways of committing the offense of second-degree intimidation, but in this case, the indictment specifically alleged that defendant "did *** intentionally and because of the defendant's perception of the race, color, religion, sexual orientation, disability, and national origin of [M], subject [M] to alarm by threatening to inflict serious physical injury upon [M]." The offense of menacing occurs "if by word or conduct the person intentionally attempts to place another person in fear of imminent serious physical injury." ORS 163.190. The state concedes that, given the specific way the state alleged those crimes in this case, "if this court construes the second-degree intimidation statute to comport with the limitations of Article I, section 8, then the guilty verdicts for second-degree intimidation [Count 1] and menacing [Count 2] should merge," because "such a construction would make clear that the two crimes do not require different levels of intimidation."

In light of *Smith*'s construction of ORS 166.155 (1)(c)(A) (2017)—and in light of the specific way in which the state alleged the offenses in this case, as noted above—we agree with and accept the state's concession;[2] the guilty verdicts on Counts 1 and 2 flow from a single criminal episode, and the elements of menacing are subsumed within the elements of second-degree intimidation as charged in this case. *See State v. Burris*, 270 Or App 512, 517, 348 P3d 338 (2015) ("[C]onvictions for conduct in a criminal episode that violates two or more statutory provisions merge if all of the elements in one provision are subsumed into the elements of the other provision." (Discussing ORS 161.067.)).

Convictions for second-degree intimidation (Count 1) and menacing (Count 2) reversed and remanded for merger of verdicts on Counts 1 and 2; remanded for resentencing; otherwise affirmed.

---

[2] We agree with the state's contention that, because second-degree intimidation can be alleged in different ways, merger of a guilty verdict for that offense with a guilty verdict for menacing will not always be required. For instance, where the second-degree intimidation allegation is based not on "[i]ntentionally *** threatening *** [t]o inflict serious physical injury," ORS 166.155(1)(c)(A), but is instead based on "[t]amper[ing] or interfere[ing] with property, having no right to do so *** with the intent to cause substantial inconvenience," ORS 166.155(1)(a). In that circumstance, second-degree intimidation would, as alleged, require an element that the offense of menacing does not (*i.e.*, "tampering or interfering with property"), and the offense of menacing would require an element that second-degree intimidation does not (*i.e.*, "plac[ing] another person in fear of imminent serious physical injury"); consequently, in that circumstance—in contrast to the circumstances in this case—the guilty verdicts for those two offenses would not merge.