No. 519          July 31, 2024          51

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALLEN MICHAEL GIVEN,
*Defendant-Appellant.*

Lane County Circuit Court
20CR39481; A179860

Debra K. Vogt, Judge.

Submitted June 12, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

The victim (a Black man), his fiancé, and three kids (at least two of which are biracial) were at a park feeding ducks, when defendant ran towards them with a skateboard in hand. Standing about 30 feet away, defendant called the victim a racial slur and made a throwing motion with his skateboard towards the family.[1] The victim's wife thought defendant was "going to throw it hard." He said that "the KKK [is] going to come and kill you all in your sleep" and that they "all deserve it." For that conduct, defendant was found guilty of second-degree bias crime, ORS 166.155, and menacing, ORS 163.190. On appeal, in two assignments of error, defendant challenges the trial court's denial of his motions for judgment of acquittal as to both charges, making a single legal argument: that there was legally insufficient evidence that he threatened to cause "*serious* physical injury." For the following reasons, we affirm.

In reviewing the denial of a motion for judgment of acquittal, we view the evidence in the light most favorable to the state to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Nguyen*, 222 Or App 55, 66, 191 P3d 767 (2008), *rev den*, 345 Or 690 (2009).

As alleged, an essential element of both second-degree bias crime and menacing is that defendant threatened or attempted to place the victim in fear of imminent "serious physical injury."[2] *See State v. Black*, 320 Or App 263, 266, 512 P3d 866, *rev den*, 370 Or 455 (2022) (holding that, as alleged, the elements of menacing are subsumed

---

[1] More specifically, the trial court found that defendant was "pumping [the skateboard] in a throwing manner" towards the family.

[2] As charged, the crime of second-degree bias crime occurs when a person

"[i]ntentionally, because of the person's perception of race, color * * * or national origin of another person or of a member of the other person's family, subjects the other person to alarm by threatening:

"(A) To inflict *serious physical injury* upon or to commit a felony affecting the other person, or a member of the other person's family[.]"

ORS 166.155(1)(c)(A) (emphasis added).

Menacing occurs when "by word or conduct the person intentionally attempts to place another person in fear of imminent *serious physical injury*." ORS 163.190 (emphasis added).

within the elements of second-degree bias crime); *State v. Smith*, 319 Or App 388, 395, 510 P3d 217, *rev den*, 370 Or 404 (2022) (construing second-degree bias crime to require evidence that the defendant created "a fear of imminent personal violence likely to be carried out"). The focus of defendant's argument is the degree of harm threatened by defendant's actions. That is, defendant argues that "even if it is a fair inference that had defendant hurled the skateboard at the family from 30 feet away it may have caused a 'physical injury,'[3] it is not a fair inference that that injury would rise to the level of 'serious physical injury.'"[4] He suggests that the distance between him and the victim mitigated the risk associated with throwing the skateboard.

Whether throwing a skateboard 30 feet is too great a distance to *cause* "serious physical injury" misconstrues the operative question: what harm was *threatened* by defendant's words and conduct? Defendant's conduct of making the throwing motion with his skateboard from 30 feet away communicated his threat of violence, but that conduct was not necessarily the limit of the violence he threatened. Nothing prevented defendant from getting closer to the victim before throwing the skateboard or from engaging in alternative forms of violence. The issue at trial was whether defendant's words and conduct together were sufficient to communicate to a reasonable person in the victim's position that defendant would imminently cause "serious physical injury." *See State v. Theriault*, 300 Or App 243, 254, 452 P3d 1051 (2019) (quoting *State v. White*, 115 Or App 104, 107-08, 838 P2d 605 (1992)) ("[B]ecause intent to place another person in fear is the 'gravamen' of menacing, the state is not required to prove a single act to support a conviction for menacing. Rather, a defendant's entire course of conduct may be evidence of that defendant's intent to instill fear in the victim."). Given the way that defendant approached the victim and his family, the words he said to the victim and his family, the manner and tone in which he said those

---

[3] "Physical injury" is defined as "impairment of physical condition or substantial pain." ORS 161.015(7).

[4] "Serious physical injury" is defined as "physical injury which creates a substantial risk of death or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." ORS 161.015(8).

words, and the act of making a throwing motion towards the family with his skateboard—all viewed in the light most favorable to the state—allowed for the nonspeculative inference that defendant was threatening to imminently engage in a level of physical violence that could cause "serious physical injury."

Affirmed.