No. 187 March 5, 2025 457

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIELLE LISA McGOVERN,
*Defendant-Appellant.*

Deschutes County Circuit Court
19CR78627; A178730

Beth M. Bagley, Judge.

Argued and submitted January 22, 2024.

Anna R. Johnson, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Kyleigh Gray argued the cause for respondent. On the brief were Erica L. Herb, Assistant Attorney General, Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Powers, Presiding Judge, Hellman, Judge, and Armstrong, Senior Judge.

POWERS, P. J.

Affirmed.

**POWERS, P. J.**

In this criminal case, defendant appeals from a judgment of conviction for one count of menacing and one count of harassment. In her first assignment of error, defendant asserts that the trial court erred in denying her motion for judgment of acquittal on the menacing charge. In her second assignment, defendant argues that the trial court erred in failing to give her requested "Defense—Threats" jury instruction. We conclude that there is sufficient evidence in the record for a rational factfinder to have found the elements of menacing beyond a reasonable doubt. In addition, we conclude that the trial court did not err in refusing to give defendant's requested jury instruction because it was an incorrect statement of the law and, to the extent it correctly states the law, it is sufficiently covered by the defense of property instruction. Accordingly, we affirm.

Because the parties are familiar with the procedural and factual background, we set out in this nonprecedential memorandum opinion only those facts necessary for our discussion of each assignment of error. With respect to the first assignment of error, we review the denial of a motion for judgment of acquittal by examining the evidence in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential elements of the crime beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995).

Defendant boarded a public bus with her dog, and the bus driver reached out to pet the dog's head while the dog was walking up the bus stairs in front of defendant. Defendant immediately began shouting profanities at the bus driver. Specifically, defendant yelled, "Don't mess with my dog. Get your *** fucking hands off my fucking dog, you son of a bitch. *** I'll fucking fuck you up. Touch me, bitch. Touch me. *** Give that fucker a kick." Defendant continued shouting expletives at the bus driver and demanded that someone call security and the police. During the encounter, defendant slapped the bus driver with a pair of gloves, which hurt his eye for about a month, and she kicked and

punched the bus driver repeatedly. The bus driver remained seated throughout the brief encounter and called security, who escorted defendant off the bus. The encounter lasted around 30 to 40 seconds, and a copy of the surveillance footage was entered into evidence.

Based on defendant's conduct, she was charged with menacing and harassment. At trial, defendant moved for a judgment of acquittal on the menacing charge, arguing that there was insufficient evidence that defendant intended to place the bus driver in fear of serious physical injury. The trial court denied the motion, and the jury ultimately convicted defendant on both counts. This timely appeal follows.

On appeal, defendant first challenges the denial of her motion for judgment of acquittal on the menacing count. Defendant asserts that the state failed to offer sufficient evidence that defendant intended to place the bus driver in fear of imminent serious physical injury, because she "expressed only vague threats that were accompanied with physical behavior unlikely to result in serious physical injury." Defendant further contends that any fear from defendant's words and conduct was not objectively reasonable. None of defendant's arguments persuade us that the trial court erred in denying her motion.

Under ORS 163.190(1), a person commits menacing "if by word or conduct the person intentionally attempts to place another person in fear of imminent serious physical injury." Here, there is sufficient evidence for a rational factfinder to have found that defendant's words and conduct intended to place the bus driver in fear of imminent serious physical injury. Although defendant did not threaten a specific type of harm or wield a weapon, defendant's threatening words, including that she was going to "fucking fuck you up" were not vague, and they signaled an imminent risk of serious physical injury when combined with defendant's explosive conduct that included simultaneously punching and kicking the bus driver repeatedly.

As we explained in *State v. Given*, 334 Or App 51, 53, 555 P3d 828, *rev den*, 373 Or 154 (2024), whether a defendant's behavior was likely to cause serious physical

injury is not the relevant inquiry. Instead, the focus of the inquiry is what harm was threatened by defendant's words and conduct. Even if defendant's conduct was unlikely to result in a "serious physical injury," a rational jury could have found that defendant's "conscious objective" from her statements combined with her repeated punches and kicks was to threaten an imminent serious physical injury. *See* ORS 161.085(7) (defining "intentionally"); ORS 161.015(8) (defining "serious physical injury").

Finally, although the bus driver testified that he knew defendant and that he was not necessarily scared of her because he was "pretty sure [he] could handle her," that testimony does not aid defendant's argument. First, a rational factfinder did not have to credit that testimony. Second and more importantly, however, the relevant inquiry is whether a reasonable person would have feared the threat of serious physical injury, not whether the victim subjectively feared the defendant. *State v. Lockwood*, 43 Or App 639, 642-43, 603 P2d 1231 (1979). Although the bus driver's state of mind and his relationship to defendant is relevant in considering the totality of the circumstances, the bus driver's subjective lack of fear does not—when applying our standard of review—undercut our conclusion that, in view of all of the circumstances of this case, a rational factfinder could have found that defendant's words and conduct would have created fear of imminent physical injury in a reasonable person in the bus driver's position. Accordingly, we conclude that the trial court did not err in denying defendant's motion for judgment of acquittal.

We turn to defendant's second assignment of error challenging the trial court's refusal to give defendant's requested "Defense—Threats" special jury instruction.[1] We review a trial court's refusal to give a requested jury

---

[1] Defendant's requested jury instruction provides:

"The defense of property has been raised.

"A person is justified in threatening using physical force on another person to defend herself from unlawful physical injury or her property from criminal mischief.

"The burden of proof is on the state to prove beyond a reasonable doubt that the defense does not apply."

The defense of property instruction that the court gave provided:

instruction for legal error. *State v. McNally*, 361 Or 314, 320, 392 P3d 721 (2017). A defendant is entitled to have the jury instructed in accordance with his, her, or their theory of the case "if the instruction correctly states the law and there is evidence to support giving it." *Id.* A trial court does not err in failing to give an instruction if it is "unnecessary because the instructions that the trial court gave fully covered the substance of the requested instruction." *State v. Roberts*, 293 Or App 340, 345, 427 P3d 1130 (2018).

We reject defendant's second assignment of error for two reasons. First, the instruction is an incorrect statement of the law because the instruction conflates the defense of property and self-defense instructions. Second, to the extent it correctly states the law, the substance of the instruction was sufficiently covered by the defense of property instruction because the court instructed the jury that if use of force is justified in this situation, then threats of force would also be justified. *See Lockwood*, 43 Or App at 646 (explaining that "it would be anomalous to hold that the justification statutes allow the application of physical force, but not the threat to apply such force"). For either of these reasons, we conclude that the trial court did not err in failing to give defendant's requested jury instruction.

Affirmed.

---

"Defense. Use of physical force in defense of property. The defense of defens[e] [of] property has been raised. A person is justified in using physical force but not deadly physical force on another person when and to the extent that she reasonably believes it is necessary to terminate the commission of criminal mischief. The burden of proof is on the State to prove beyond a reasonable doubt that this defense does not apply."