712                    May 29, 2025                    No. 458

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HEATHER RAE JACKSON,
*Defendant-Appellant.*

Lane County Circuit Court
22CR34488; A181629

Michelle P. Bassi, Judge.

Argued and submitted April 3, 2025, Central Catholic High School, Portland.

David L. Sherbo-Huggins, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Kyleigh M. Gray, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

## SHORR, P. J.

Defendant appeals from a judgment of conviction for menacing, ORS 163.190, assigning error to the trial court's denial of her motion for judgment of acquittal (MJOA). Because we conclude that the evidence was legally sufficient to support the conviction, we affirm.

We review the denial of an MJOA by examining the evidence "in the light most favorable to the state to determine whether a rational trier of fact, making reasonable inferences, could have found the essential elements of the crime proved beyond a reasonable doubt." *State v. Hall*, 327 Or 568, 570, 966 P2d 208 (1998). We state the facts in accordance with that standard.

While driving on Interstate 5, defendant swerved into the left lane directly behind G's truck, almost hitting his back bumper, and began closely tailing him. G tapped his brakes to get defendant to back off. As soon as she was able to, defendant switched lanes to pass G. As she was passing, G "gave her the middle finger." Defendant responded by brandishing a gun and pumping it up and down in the air as she passed at around 90 miles per hour. G called 9-1-1 and sped up to follow defendant and get her license plate number. Soon after, a police officer detained defendant and saw a gun on the floorboard of her car. As a result, defendant was charged with one count of menacing. At the subsequent jury trial, defendant moved for a judgment of acquittal after the state presented its evidence. The court denied that motion. The jury found defendant guilty of menacing. This appeal followed.

On appeal, defendant argues that she was entitled to a judgment of acquittal because the state failed to present sufficient evidence to establish the elements of menacing. Specifically, defendant contends that her gesture with the gun did not give rise to an objectively reasonable fear of imminent serious physical injury. Defendant emphasizes that she never pointed the gun at G, and she drove away immediately. She contends that the gun gesture could, at most, be construed as a warning to G not to further escalate the situation. The state responds that, viewing the evidence

in the light most favorable to the state, a jury could conclude that defendant's brandishing of the gun constituted a threat to imminently shoot G.

"A person commits the crime of menacing if by word or conduct the person intentionally attempts to place another person in fear of imminent serious physical injury." ORS 163.190(1). We have previously concluded that pointing a gun directly at a person constitutes menacing. *State v. Lockwood*, 43 Or App 639, 642-43, 603 P2d 1231 (1979). We have also concluded that making threats with a gun, although not pointed at the victim, can demonstrate intent to threaten immediate injury. *State v. McAuliffe*, 276 Or App 259, 265-66, 366 P3d 1206, *rev den*, 359 Or 847 (2016). In *McAuliffe*, the defendant suggested to a 9-1-1 dispatcher that he was going to shoot at an airplane that had been flying low over his property all summer. *Id.* at 261. Defendant was found on his porch with a shotgun, but there was no evidence that he actually fired or pointed the gun at the plane. *Id.* at 265. Based on the history of the conflict and defendant's statements and actions, we concluded that the evidence supported a conclusion that the defendant had the intent to threaten immediate injury. *Id.* at 265-66.

Similarly, in *State v. Severson*, 325 Or App 550, 558-59, 529 P3d 302, *rev den*, 371 Or 332 (2023), we considered the denial of an MJOA in the context of menacing where the defendant threatened to bludgeon the victim with a meat tenderizer. Although the victim was in a locked room, which the defendant did not attempt to enter, we concluded that, in the context of a heated domestic dispute, the defendant's behavior "support[ed] a reasonable inference that the threats of harm were imminent." *Id.* at 559.

We also consider *State v. Hejazi*, 323 Or App 752, 524 P3d 534 (2023), which defendant relies heavily on in support of her argument that her conduct did not constitute menacing. In *Hejazi*, we concluded, among other things, that the defendant's threats to kill an attorney and his family, which were made on the sidewalk outside of a courthouse, were not sufficient to support a conviction for menacing. *Id.* at 756, 758. We noted that the threats lacked any temporal indication and that the defendant had walked quickly away

from the attorney after making the threat. *Id.* at 758. We therefore concluded that the defendant's conduct "did not create a situation supporting an inference that the serious harm was imminent." *Id.*

This case is more like *McAuliffe* and *Severson* than *Hejazi*. Defendant's brandishing of a deadly weapon intensified the argument beyond the conflict that was present in *Hejazi*, which did not involve weapons. Here, defendant waved a gun threateningly in the context of an escalating road rage incident. In that context, a rational factfinder could conclude that, although defendant did not point the gun directly at G, defendant's conduct would have caused a reasonable person to fear imminent serious physical injury.[1] Even if a rational factfinder could also come to a different conclusion, our task on appeal "is not to weigh the evidence, it is only to determine whether there was legally sufficient evidence to support the challenged conviction." *McAuliffe*, 276 Or App at 266. Here, the evidence was legally sufficient to support the menacing conviction.

Affirmed.

---

[1] That G pursued defendant's car while calling 9-1-1 does not change our conclusion that defendant's conduct in these circumstances could give rise to G's objectively reasonable fear of imminent serious physical injury at the moment defendant brandished the gun.